Nowell v. The State.

Under the act of 1885 making it felonious to wreck or attempt to wreck any railroad train, locomotive or car, the actual wrecking, if accomplished by any illegal act tending to produce such a disaster, would be a crime; but in order to constitute a criminal attempt where no wrecking ensues, an intention or purpose to wreck is essential. The evidence in the present case being wholly insufficient to establish the existence of such intent or purpose, although the act done by the accused was unlawful, meddlesome, mischievous and grossly improper, the verdict was unwarranted under a right construction of the law, and the court erred in not granting a new trial.                                    *Judgment reversed.*

April 16, 1894.

Indictment for attempting to wreck a railroad train. Before Judge Richard H. Clark. DeKalb superior court. August term, 1893.

The evidence for the State showed, that the accommodation train on the Georgia railroad passed Decatur with six passenger-coaches. The two rear coaches had been provided with air-brakes but these were not in working order at the time. These two coaches were coupled together and to the other coaches with the Janney coupler, which is worked with levers. After the train passed Decatur and while it was still in DeKalb county and on an upgrade (which made the levers more difficult to move), the two rear coaches were uncoupled by the defendant by pulling the lever of the coupling. The train left Atlanta only twenty minutes ahead of a freight-train. The testimony for the defendant was to the effect, that he either did not take hold of the lever at all, or did so in attempting to steady himself; that the

couplers were interfered with by another or others; and that sometimes such couplers became uncoupled without using the levers.

J. W. ARNOLD and G. W. GLEATON, for plaintiff in error.  J. S. CANDLER, solicitor-general, *contra.*