GARDNER v. THE WAYCROSS AIR-LINE RAILROAD COMPANY.

The declaration, as amended, set forth a cause of action, and it was error to dismiss the same on general demurrer.

April 30, 1894.   Argued at the last term.                    *Judgment reversed.*

Action for damages.   Before Judge SWEAT.   Ware superior court.   April term, 1893.

The declaration alleged, that plaintiff entered defendant's passenger-train at Waycross at the regular and usual place of receiving passengers, just before the usual time for the train to start.   No engine was then attached to the train; and desiring to speak to the conductor about being put off the train at a point just beyond Waltertown, a station on said railroad, plaintiff went into the baggage-car for that purpose, and while thus engaged with the conductor, defendant's agents and servants, without any notice or warning to plaintiff and without the exercise of ordinary and reasonable care, negligently turned loose an engine at the upper end of the yard, and said car came down the track and struck the car in which plaintiff was standing, throwing him to the floor and injuring him in a manner described. He had not purchased a ticket, as they sold none at that time.   He had money with which to pay his fare, and had entered the train as a passenger with the intention of traveling just beyond the river at Waltertown.   Before he left the passenger-coach and entered the baggage-car, he looked out and saw that there was no engine at or near the train; and with the exercise of ordinary and reasonable care on the part of the defendant's agents and employees the accident could have been averted.

The defendant demurred on the ground that the declaration set out no cause of action; whereupon the plaintiff amended "by striking the allegation that a car

was turned loose from the upper end of the yard," and making the declaration read: "an engine with car attached was run down on the track with great and unnecessary force and speed, striking the car in which petitioner was standing, thereby violently throwing him down and injuring him as aforesaid." He further alleged, that the engine then in use was an old one, without the usual and necessary appliances and improvements to its proper and careful handling in the coupling and drilling of cars and trains; and that the engine and cars then in use by defendant were old and without the needful appliances of air or automatic brakes and automatic couplers and safety buffers, such as are usual and necessary to make the handling of passenger-trains and the carrying of passengers safe. It was necessary for him to go into the baggage-car to see the conductor, and it was usual for passengers so to do, and there were no restrictions on the part of defendant against their so doing.

HITCH & MYERS, for plaintiff.

JOHN C. MCDONALD, for defendant.