GARDNER *v.* THE WAYCROSS AIR-LINE RAILROAD CO.

Where a passenger on a train standing upon a track at a station whence it was to be started went into the baggage-car for the purpose of seeing the conductor upon legitimate business connected with the passenger's journey, and while there was thrown down and injured by the sudden bumping of another car against the standing car, whether or not, in view of all the evidence submitted, the passenger was rightfully in the baggage-car, and whether or not the injury resulted from the negligence of the company, and whether or not such injury might have been avoided by the exercise of ordinary diligence on the part of the passenger, were all questions for determination by the jury and not for final solution by the trial judge. It was, accordingly, error, in such a case, to grant a nonsuit.

November 15, 1895.

Action for damages. Before Judge Hardeman. Ware superior court. April term, 1895.

*Hitch & Myers*, for plaintiff.
*John C. McDonald*, for defendant.

SIMMONS, Chief Justice.

Gardner sued the railroad company for damages from personal injuries. The declaration is set out in 94 *Ga.* 538, the case having come to this court upon exceptions to a judgment sustaining a general demurrer to the declaration and dismissing the action. It was then held that the declaration stated a cause of action, and the judgment of the court below was reversed. The plaintiff now excepts to the granting of a nonsuit.

It appears from the evidence, that while the defendant's train was at Waycross, at the usual place of departure, the plaintiff, intending to take passage on the train, entered, shortly before the time of leaving, a car in which there were other passengers, and took his seat. He had not purchased a ticket, there being no ticket-office at the station, but he had the money with him with which to pay his fare. The car in which he was seated contained a baggage compartment, separated from that part of the car in which the passengers were by a partition, in which there was a door. He was going a short distance, and desired to see the conductor, who was in the baggage compartment, in order to explain to him, before the car started, where he wished to go, and get information in regard to getting off. He had but one leg, and did not wish to go to the conductor after the train was in motion. The train was then waiting for passengers who were expected to arrive soon on another train, and he feared there would be a "rush" of passengers and he would not have time to see the conductor after the train started. There was a notice over the door of the baggage compartment of "No Admittance," but the plaintiff did not see it. The door was standing open. The plaintiff entered the baggage compartment and was standing there getting the information he desired from the conductor, when the car they were in was suddenly struck by another car. The lick was unusually hard, and caused the plaintiff to fall, thereby sustaining severe

injuries to his person. The shock also caused the conductor to fall. The plaintiff testified that he had before ridden on that railroad and in that car, but had never before experienced such a bump on that railroad or. on any other. The conductor testified that the car that caused the shock was a box-car which was being coupled to the car·they were in; and that generally the bumper of a passenger-car was higher than that of a freight-car, and in order to have the springs work, it was necessary to hit them a hard lick. Before the plaintiff went into the baggage compartment, the conductor had been "drilling" cars, and the plaintiff before going to the conductor looked out of the car and saw no "drilling" being done, and that everything was still. He supposed he had been in the baggage compartment about three minutes when the shock occurred. There was evidence as to the extent of his injuries, and as to his earnings, age, diminution of capacity to labor, etc.

We think the court erred in granting a nonsuit. The plaintiff, although he had not purchased a ticket, sustained the relation of a passenger, and the defendant was under. the duty of exercising extraordinary diligence for his safety. (*Chattanooga, Rome & Columbus R. Co.* v. *Huggins*, 89 *Ga.* 495, (5), (6), 503.) Such diligence must be exercised by a railway company whenever it undertakes to couple cars of a train having in it passengers to be carried by the train. The plaintiff having shown that he was injured by reason of the manner in which the cars came together, the presumption was that the injury was occasioned by the defendant's negligence, and it was incumbent upon the defendant to show that it was without fault, unless the evidence showed that the plaintiff was at fault himself to the extent of failing to exercise ordinary care for his own safety. Under the evidence, we think the question whether the plaintiff was rightfully in the baggage compartment or not, and whether or not the injury

might have been avoided by the exercise of ordinary diligence on his part, as well as the question whether the injury resulted from the negligence of the defendant, were questions for determination by the jury, and not for final solution by the trial judge upon a motion for nonsuit. (See *Cotchett* v. *Savannah & Tybee Ry. Co.*, 84 *Ga.* 687.)

*Judgment reversed.*