## SANDERS *v.* THE STATE.

CANDLER, J.   1. To place on the rails of a railroad track a piece of iron of sufficient size and weight to derail a passenger-car is to "obstruct" the track of a railroad company, within the meaning of the Penal Code, § 520.

2. Exceptions which go to the form of an indictment must be made by demurrer or motion to quash.   If a judgment is rendered upon an insufficient indictment, the remedy is by motion in arrest of judgment, and not by motion for new trial.

3. To authorize a verdict of guilty where evidence of confessions is relied upon, such confessions must be corroborated by other evidence.  This requirement is fully met, so as to authorize the jury to convict, when proof of the corpus delicti is made by evidence other than the confessions, and when it is further shown that the defendant was seen alone, near the place where the crime was committed, at or about the time of its commission.   *Wimberly* v. *State,* 105 *Ga.* 189, and cases cited.

4. Whether the act alleged to have been done by the accused was wilfully and maliciously done, and whether it was done with intent to obstruct, as required by the law, were questions for the jury under proper instructions from the court.   There is no complaint that the law was not fully and correctly given in charge, and the evidence was sufficient to authorize the jury to find against the accused on all the material allegations contained in the bill of indictment.

5. The case of *Nowell* v. *State,* 94 *Ga.* 588, is easily distinguishable from the case at bar, in that it was based upon a different section of the code, and grew out of facts essentially different from those in this case.

*Judgment affirmed.   By five Justices.*

Submitted July 23, — Decided August 11, 1903.

Indictment for obstructing railroad.     Before Judge Henry. Floyd superior court.   June 18, 1903.

*H. F. Sharp* and *Halsted Smith,* for plaintiff in error.
*Moses Wright, solicitor-general,* contra.