## SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY v. STEINHAUSER.

1. The evidence, though conflicting, was sufficient to authorize the verdict, and, in the light of the ruling made when the case was here before, the discretion of the trial judge, exercised in overruling a motion for a new trial based upon the general grounds only, will not be controlled.

2. When the order overruling a motion for a new trial contains nothing to indicate that the judge was dissatisfied with the verdict, or that he failed to exercise the discretion required of him by law, the Supreme Court will not, in determining whether the judge has exercised such discretion, consider remarks made by him pending the argument of the motion for a new trial.

Argued October 8, — Decided October 17, 1904.

Action for damages.    Before Judge Norwood.    City court of Savannah.   June 4, 1904.

*W. L. Clay* and *W. G. Charlton,* for plaintiff in error.

*Toomer & Reynolds* and *Robert M. Hitch,* contra.

COBB, J. When this case was here before (*Steinhauser* v. *Railway Company*, 118 *Ga.* 195), it was held that the evidence showed negligence on the part of the defendant, and that it being doubtful under the evidence whether the plaintiff was also negligent, this question should have been submitted to a jury. The evidence on the question of whether the plaintiff was negligent was certainly, on the last trial, no weaker than it was on the former hearing, and it is possibly stronger in his favor on this point. A careful examination of both records fully warrants the statement that the evidence on this point was substantially as strong in the plaintiff's favor on the last trial as it was on the first. The evidence in behalf of the defendant, which appears for the first time on this trial, was of such a character that the jury would have been authorized to resolve the doubt in reference to the question of the plaintiff's negligence against him; but this doubt having been resolved in his favor by their verdict, the discretion of the trial judge, exercised in overruling the motion for a new trial, which was based upon the general grounds only, will not be interfered with.

The bill of exceptions recites that pending the argument on the motion for a new trial the judge stated that he would have found for the defendant had he been upon the jury trying the case, but there was nothing in the order overruling the motion to indicate that the judge had failed to exercise the discretion which the law required of him; and therefore the case does not fall within the principle of the ruling in *McIntyre* v. *McIntyre*, 120 *Ga.* 67, and cases therein cited.

*Judgment affirmed. All the Justices concur.*