# Mittleman, Appellant, v. Philadelphia Rapid Transit Company.

*Negligence—Street railways—Riding on platform—Summer car—Passenger—Conductor—Contributory negligence.*

It is the duty of the conductor of an electric street car to control the operation of the car, to protect and regulate the seating of passengers and to enforce the rules and regulations of the company affecting the transportation of passengers. In such capacity he is the representative of the company and acts for it.

It is the duty of the passenger to submit to the authority of the conductor and to observe such reasonable directions as he may give. A passenger would not be justified in obeying the instructions of a conductor to occupy a place on the car which was imminently, or manifestly dangerous, but he should take the place on the car assigned him by the conductor unless the danger is so imminent or apparent that a reasonably prudent man would not assume it.

Where a passenger laden with numerous bundles attempts to enter the body of an open summer car, and is directed to occupy the platform by the conductor who accepts his fare, the court cannot declare as a matter of law that the passenger is guilty of negligence per se in occupying a place on the platform as directed by the conductor.

Argued April 2, 1908. Appeal, No. 69, Jan. T., 1908, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1903, No. 1,896, refusing to take off nonsuit in case of Abraham Mittleman v. Philadelphia Rapid Transit Company. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before VON MOSCHZISKER, J.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Bernard Harris,* for appellant.—The conductor has general power and control over the train and all persons on it, with authority to compel observance of the regulations of the

company, to preserve order, and to employ the whole force of the trainmen, and of passengers willing to assist, for these purposes : Duggan v. B. & O. R. R. Co., 159 Pa. 148 ; Artherholt v. Motor Co., 27 Pa. Superior Ct. 141 ; Rounds v. Del., etc., R. R. Co., 64 N. Y. 129 ; Brennan v. Merchant & Co., 205 Pa. 258 ; McCaw v. Traction Co., 205 Pa. 271 ; O'Donnell v. R. R. Co., 59 Pa. 239 ; Druzepski v. People's St. R. R. Co., 30 Pa. Superior Ct. 380.

*Thomas Leaming,* with him *Sydney Young,* for appellee.— The plaintiff, with great deliberation, accepted the risk and was guilty of the contributory negligence which all of our cases, without any exception, attribute to the act of riding on the front platform of a car : McMillan v. Ry. Co., 172 Pa. 523 ; Thane v. Traction Co., 191 Pa. 249 ; McDade v. Transit Co., 215 Pa. 105 ; Paterson v. Transit Co., 218 Pa. 359 ; Reilly v. Pass. Ry. Co., 4 W. N. C. 273 ; Penna. R. R. Co. v. Langdon, 92 Pa. 21 ; Deery v. R. R. Co., 163 Pa. 403.

OPINION BY MR. JUSTICE MESTREZAT, May 25, 1908 :

This is an action of trespass to recover damages for injuries received under the following circumstances : On the morning of September 2, 1903, the plaintiff with a companion went to Fourth and Pine streets in the city of Philadelphia to board a street car. The plaintiff is a paper hanger and painter, and had with him on this occasion a bundle of paper, a bucket of paste, a satchel and a small stepladder. He and his companion desired to go west on a Pine Street electric car. He testifies : " A. When I approached the car with the intention of boarding it, I approached it from the back near the conductor, and I attempted to board the car, and he said, ' Go to the front.' Q. Did you go to the front? A. Yes, sir. Q. You boarded the car in front? A. Yes, sir, in front. Q. Where did you remain after the car started? A. Near the motorman. Q. On the platform? A. On the platform." The car was an open summer car with transverse seats extending the entire width of the car, and with no openings from the platform into the body of the car. When it reached Sixth street it collided with another car of the defendant company passing south on that street, and in the collision the plaintiff was seri-

ously injured.   The accident occurred about 7:30 o'clock in the morning.

At the close of the plaintiff's testimony, the trial judge granted a nonsuit, giving as a reason therefor the following : " We simply have the case of a conductor saying to a passenger when he attempts to enter the rear of the car, ' Go forward,' and that passenger going forward to the very extreme front of the car, to wit: the front platform, and placing himself in that which has been decided by our courts to be a position of danger, and a position where, if an accident happens to him, he is debarred from recovering." The court in banc refused to take off the nonsuit, holding that the plaintiff in occupying a position on the platform was guilty of negligence per se.   The opinion says : " It was a mere direction to him (plaintiff) to ' go to the front,' and even if it be assumed that this was a direction to him to go to the front platform as there was no constraint or compulsion it was not a sufficient excuse for him to place himself in and remain in a position of danger."

We have repeatedly held that it is negligence per se for a passenger to voluntarily take a position on the platform of an electric street car when there are vacant seats in the body of the car.   The body of the car, as is well understood, is the place prepared for and assigned to the passenger for transportation, and it is his duty to enter and remain there until he arrives at his destination.   If he fails to observe this duty and voluntarily places himself on the platform or on the running-board of the car, positions not intended to be occupied by a passenger, and which are more or less dangerous, he must assume the risk incident to such a place.   But there are exceptions to this rule.   Special reasons may obtain which justify a passenger in occupying a position on the platform while a car is in motion.   If, as sometimes occurs, a seat is placed on one or both platforms of an open summer car, it is a sufficient reason for a passenger occupying the seat, and in doing so he is not guilty of negligent conduct.   The act of the carrier company in placing the seat on the platform is an implied invitation to the passenger to use it, and estops the carrier from alleging that it is a place of danger to be avoided by the passenger.   Where a passenger enters a car and by

reason of its overcrowded condition there is no vacant space in the body of it, he may occupy the platform with the acquiescence and knowledge of the conductor: McCaw v. Union Traction Co., 205 Pa. 271. Such conduct does not convict him of negligence per se. His action is justified by the necessities of the case, and by accepting his fare and permitting him to occupy the position, the conductor tacitly invites him to stand on the platform. These and other exceptions to the general rule that a passenger must not occupy the platform of a street car are recognized not only in our own, but in other jurisdictions.

Turning now to the case in hand, we are clearly of the opinion that the facts disclosed by the testimony make it an exception to the general rule that a passenger on an electric street railway is guilty of negligence per se if he occupies a position on the platform of a moving car. The trial judge as well as the court in banc evidently misapprehended the facts of this case and the inferences to be drawn from them. When the plaintiff approached the car to enter it, the conductor did not simply direct him to " go forward," thereby intending that he should take a seat in the front part of the car. So far as the evidence discloses, there is no reason why the plaintiff should not have been seated in the rear as well as the front of the car. There were vacant seats in both the rear and the front, and there is nothing in the case to show that the conductor could have had any reason for assigning the plaintiff a seat in the front rather than the rear of the car. On the other hand, a jury would have been fully justified, and it was for the jury, in finding that the direction to the plaintiff was to go to the front platform and occupy it with his incumbrances until he reached his destination. The plaintiff attempted to board the car and take a seat in the rear. When he did so the conductor said to him, " Go to the front." As we have said, there is no reason appearing in the case, why, if the plaintiff was to be permitted to enter the body of the car at all he should not have done so then and have occupied a seat in the rear of the car. The plaintiff was carrying several articles which might have been objectionable to other passengers and would certainly have obstructed ingress and egress to and from the body of the car, and the reasonable inference is that the command or direction

of the conductor was that the plaintiff should enter the front platform and occupy it. This is also manifest and conclusively shown when we consider that the plaintiff frequently used the cars on this street with the same incumbrances he had on this occasion and was always, as testified by him, told when he would attempt to enter the inside or body of the car, " you can't go there because there are passengers there. The seats are for passengers. You go with your bundles to the front of the car." We, therefore, have the case where a passenger laden with numerous bundles attempts to enter the body of an open summer car and is directed to occupy the platform by the conductor who accepts fare from the passenger for his transportation. Under such circumstances the court cannot declare as a matter of law that the passenger is guilty of negligence per se in occupying the position.

In Duggan v. Baltimore and Ohio Railroad Company, 159 Pa. 248, the present chief justice delivering the opinion of the court said (p. 254): " The conductor has general power and control over the train and all persons on it, with authority to compel observance of the regulations of the company, to preserve order, and to employ the whole force of trainmen, and of passengers. willing to assist, for these purposes." The conductor of an electric street car is invested with a like authority. It is his duty to control the operation of the car, to protect and regulate the seating of the passengers, and to enforce the rules and regulations of the company affecting the transportation of the passengers. He is the representative and acts for the company in transporting the passengers. It is the duty of the passenger to submit to the authority of the conductor and to observe such reasonable directions as he may give: O'Donnell v. Allegheny Valley Railroad Co., 59 Pa. 239. This is necessary for the safe transportation of all the passengers aboard the car. A passenger would not be justified in obeying the instructions of a conductor to occupy a place on the car which was imminently or manifestly dangerous, but he should take the place on the car assigned him by the conductor unless the danger is so imminent or apparent that a reasonably prudent man would not assume it.

Applying these principles to the case under consideration, we think that the conductor had the authority to direct the

passenger to occupy the platform. It was within the powers conferred upon him by the company. The place assigned to the passenger while not regarded as safe as the body of the car, yet it is so frequently used by passengers that it cannot be regarded as imminently dangerous. It is common knowledge that in a city where the travel on electric street cars is very heavy, both platforms of the cars are constantly occupied by passengers with the knowledge and assent of the conductor and that he collects the fares for their transportation. This is so well known that it must be taken to be within the knowledge of the company and done with their approval. Therefore, the conductor having the authority to require the plaintiff to occupy the platform and the plaintiff having done so in obedience to the direction of the conductor, the plaintiff was not guilty of negligence as a matter of law, to be declared by the court, in standing on the platform while the car was in motion.

The case should have been submitted to the jury to determine the question of the plaintiff's negligence. If the jury found that the plaintiff when attempting to board the body of the street car was directed by the conductor to occupy the platform, and that in pursuance of such instructions from the conductor he did take his place on the platform, he is relieved from the charge of negligence. In other words, the plaintiff was not guilty of negligence per se in standing on the platform under the circumstances.

We are all of the opinion that the nonsuit was improperly granted, and, therefore, the second assignment of error is sustained, and the judgment is reversed with a procedendo.