## MORRIS *v.* GEORGIA RAILROAD & BANKING CO.

One riding on the engine of a passenger-train by invitation of the conductor, engineer, and fireman, and without paying or intending to pay fare, it not appearing that there was any rule or custom permitting persons to so ride, was a trespasser; and his widow had no cause of action against the railroad company for his homicide, resulting from. the derailment of the train caused by the defective condition of the track.

Argued May 25,—Decided October 14, 1908.

Action for damages. Before Judge Worley. Warren superior court. October 7, 1907.

*G. L. Callaway* and *Samuel H. Sibley,* for plaintiff.

*Joseph B. & Bryan Cumming* and *E. P. Davis,* for defendant.

FISH, C. J.   Hallie Morris brought an action against the Georgia Railroad & Banking Company, for damages from the homicide of her husband, Booth S. Morris, by the alleged negligence of the defendant company. The petition was dismissed on general demurrer, and the plaintiff excepted. The substance of the petition, so far as material to the points presented for adjudication, was: The plaintiff's husband was riding on the engine of a passenger-train of the defendant, with the knowledge and by the consent and on the invitation of the conductor, engineer, and fireman of such train. As the train was running around a curve, at the speed of sixty miles an hour, it was derailed, because the cross-ties were rotten and the outer rail was not sufficiently elevated, and plaintiff's husband was thereby killed. It was alleged, that he was lawfully on the train, that he was twenty-six years old, and, "as a railroad fireman, was earning a sum of eighty dollars per month," and that "Said rate of speed . . was reckless, and the negligence aforesaid causing said catastrophe was gross, and said persons running said train knew full well of the presence of the deceased on said engine."

The decedent for whose homicide the action was brought was, at the time he was killed, riding on the engine of a passenger-train of the defendant, on the invitation and with the knowledge of the conductor and the engineer and fireman on the engine. His death was the result of the derailment of the train, caused by a defective track. It is not alleged in the petition that he was a passenger or employee of the defendant. There is, however, an allegation that he "was lawfully being carried upon a passenger-train of said railroad company," but manifestly this is the statement of a mere conclusion from the allegation that the decedent was riding on the engine on the invitation and with the knowledge of the conductor, engineer, and fireman, and, therefore, can not be properly treated as an averment of fact. Whether the decedent was a passenger and the defendant owed him the extraordinary care required of railroad companies for the safety of passengers, or was a mere trespasser, to whom the only duty of the defendant was to abstain from wantonly or wilfully injuring him, is dependent upon whether the conductor, engineer, or fireman, under the facts of the case, was authorized to invite and permit him to ride upon the engine. While a principal is bound by the acts of his

agent within the actual or apparent authority conferred upon the agent, it is equally elementary that a principal is not bound by the acts of his agent, whether general or special, though it be apparently connected with his employment, when the person dealing with him knows or has reasonable cause to believe that he is acting beyond his authority. It has been held by many courts and in numerous cases, that, in the absence of any rule or practice to the contrary, section foremen, track superintendents, locomotive engineers, firemen, and conductors of freight-trains have no authority to permit a person to ride on a car, engine, or train obviously not intended for the use of passengers, and thus transform into a passenger one who would otherwise be regarded as a trespasser. 7 Thomp. Neg. § 3321; 4 Elliott on Railroads, § 1580; 2 Hutch. Car. §§ 964, 1000; 6 Cyc. 540; 5 Am. & Eng. Enc. L. 509, et seq. In an action against a railroad company for damages from personal injuries sustained while riding, by permission or upon the invitation of an employee, on a conveyance of the company palpably not designed for the transportation of passengers, the onus is on the plaintiff to show that the employee had authority from the company to permit him to so ride, or that it was the custom for persons to so ride, known to the officials of the company having charge or supervision of the matter; the presumption, in the absence of such proof, being that the plaintiff had no right to be there and that he was, therefore, a trespasser. Robertson v. Railroad Co., 22 Barb. 91; Purple v. Union Pac. R. Co., 114 Fed. 123 (51 C. C. A. 564, 57 L. R. A. 700), and cases cited; Dysart v. Missouri, K. & T. Co., 122 Fed. 228 (3), (58 C. C. A. 592). In Purple's case, supra, it was held: "One who enters and rides upon a car or train which he knows, or by the exercise of reasonable diligence would know, is prohibited from carrying passengers, is a trespasser, and not a passenger, and the only duty of the railroad company toward him is to abstain from wanton or reckless injury to him." It was also held: "In the absence of any rule or practice permitting freight-trains to carry passengers, the presumption is that one riding for his own convenience on a freight-train, an engine, a hand-car, or any other carriage of a common carrier not designed for the transportation of passengers, is unlawfully there, and is a trespasser." In *Higgins* v. *Cherokee Railroad Co.*, 73 *Ga.* 149(9), the facts and the ruling of this court

thereon are stated as follows: "The plaintiff was voluntarily on the train where he was injured, by the invitation of the conductor, made at his own request; he paid no fare, and none was expected from him; he selected an open flat car, on which he rode rather than in the passenger-coach, and was in a position where he was more exposed to accident from sparks and cinders than he would have been had he taken a seat in the closed coach: "*Held,* that he was entitled to look only for such security as that mode of conveyance was reasonably expected to afford; and having voluntarily incurred the injury of which he complains, resulting from getting a cinder in his eye, he was not entitled to recover from the railroad, even if it were somewhat at fault. (*a*) It is doubtful if, under the circumstances, he was a passenger at all in the full legal sense of that term. At most he was so only *sub modo* and to a limited extent."

The underlying principle of the authorities cited is applicable to and controlling in the case now under consideration; for whatever may be the presumption as to one riding in a passenger-coach or other conveyance of a railroad company evidently designed for the transportation of passengers, by invitation or permission of the employees of the company in charge of such conveyance, there can be no doubt, in our opinion, that a conductor of a passenger-train, though he has charge thereof and represents the company in determining what persons are entitled to ride upon the train committed to his charge, has no authority, in the absence of any rule or known custom to the contrary, to permit persons to ride free on the engine of his train, because a passenger-train is obviously operated by the company for the transportation of passengers for hire, suitable provision being made in the way of coaches for their accommodation, and it must be perfectly apparent to all persons of average intelligence, who have reached the years of discretion, that the engine is not designed for carrying passengers. It is not alleged that plaintiff's husband paid any fare or that he intended to pay any. He was twenty-six years of age, was a locomotive fireman (but apparently not in defendant's employment) and presumably a man of ordinary intelligence, and, therefore, must have certainly known, no rule or custom appearing to the contrary, that the conductor had no authority to invite or allow him to ride free on the engine. His death was not caused

by any wanton or wilful act on the part of the defendant's employees, and we are clear that his widow was not entitled to recover, and that the court properly dismissed the petition on general demurrer.

*Judgment affirmed. All the Justices concur, except Holden, J., disqualified.*