. Smith *v.* Western and Atlantic Railroad Company, and
*vice versa.*

Per Curiam. 1. If a person under due authority from a railroad company
goes upon one of its engines hauling a train, for the purpose of learning
the duties of a fireman, and performs services for the company in order
to gain such experience and knowledge of the work as will render him
competent to act as a regular fireman and to receive pay as such, thus
becoming what is called "a learner fireman" or "an apprentice fireman,"
he is, while thus acting, a servant of the company, although he receives
no pay during the time of such preparatory service, and as such servant
he is a fellow servant with the regular servants employed in the opera-
tion of the train on which he is engaged. Weisser *v.* Southern Pacific
Ry. Co., 148 Cal. 426 (7 Am. & Eng. Ann. Cas. 636, 83 Pac. 439).

2. If only certain agents or employees of a railroad company have the au-
thority to select "learner" or apprentice firemen and to permit them to
go upon an engine of the company, with a view to learning the duties of
a fireman, and some other employee of the company, without authority,
issues a permit to a person for that purpose, his going upon an engine of
the company under such a permit would be unauthorized; and if while
wrongfully there he should be injured by the negligence of the engineer
in running the engine, he would stand as a trespasser and not as an em-
ployee.

3. Under such circumstances, if the engineer and conductor of the train
permitted such person to go upon the engine and act as a "learner" fire-
man, they having no authority to grant such permission, or to select
such apprentice fireman, his presence upon the engine would not thereby
become lawful, and he could not claim to be properly there as an em-
ployee of the company.

4. If the plaintiff's husband be found to have been an employee of the
company, the rule laid down in the Civil Code, § 2323, which provide;
that if the person injured is himself an employee of the company, and
the damage was caused by another employee, without fault or negligence
on the part of the person injured, his employment by the company shall
be no bar to the recovery, would apply, but the interpretation of that
rule would also apply to him, so that if he were guilty of negligence
contributing in any substantial degree to his own injury, he could not
recover; the cause of action having originated prior to the act of 1909
(Acts of 1909, p. 160).

5. The evidence was such as to authorize the court to submit to the jury
the question as to whether plaintiff's husband at the time of his death
was a trespasser or an employee of the defendant, and it was error on
the part of the presiding judge to fail to charge appropriate law on the
subject of master and servant relative to a railroad company and its
employees. *Morris* v. *Georgia Railroad & Banking Co.*, 131 *Ga.* 475
(62 S. E. 579); Weisser *v.* Southern Pacific Ry. Co., supra.

(*a*) The evidence was not such as to authorize a submission to the jury
of the question of whether the decedent occupied the legal relation of a
licensee towards the defendant company; and the mere employment of
the word "licensee" by one of the witnesses, in describing the duties of

a "learner" fireman did not create such legal status, with the rights and liabilities incident thereto.

6. If it should be determined that the decedent was an employee of the defendant company at the time of the occurrence which resulted in his death, it should then be determined what were his duties as a "learner" fireman, and whether he was in violation of any duty imposed upon him, or was guilty of negligence in any material degree contributing to his injury.

7. Without intimating any opinion as to what should be the. finding of the jury in regard to the issues of fact submitted to them, it is held on the bill of exception of the railroad company that it can not be declared as a matter of law that a verdict was demanded in its behalf.

*Judgment reversed in the first case, and affirmed in the second. All the Justices concur, except Fish, C. J., absent, and Atkinson, J., disqualified.*

MARCH 3, 1910.

Action for damages.　　Before Judge Fite.　　Catoosa superior court.　　August 5, 1908.

*Atkinson & Born,* for plaintiff.

*Tye, Peeples & Jordan* and *R. J. & J. McCamy,* for defendant.