## 5281.  DIXON *v.* CENTRAL OF GEORGIA RAILWAY CO.

Where a locomotive fireman in the employment of a railway company was riding upon a train as a passenger, and voluntarily left the coach in which he was riding and got upon the engine, either by the express permission or without the disapproval of the engineer, it not appearing that there was any rule or custom of the railway company permitting the employee to ride upon the engine, but it being on the contrary a violation of the rules of the company for him to do so, he was a trespasser, and his widow had no cause of action against the railway company for his homicide, resulting from the derailment of the train, caused by a switch which was defective or which had been negligently left open.

DECIDED JANUARY 20, 1914.

Action for damages; from city court of Americus—Judge Harper. September 17, 1913.

*W. W. Dykes, H. A. Wilkinson,* for plaintiff.

*E. A. Hawkins, J. B. Hudson,* for defendant.

POTTLE, J.  This case is controlled by the decisions of the Supreme Court in *Morris* v. *Georgia Railroad Co.,* 131 Ga. 475 (62 S. E. 579), and *Chattanooga Southern Railroad Co.* v. *Myers,* 112 Ga. 237 (37 S. E. 439).  The deceased was a locomotive fireman in the employment of the defendant company.  He was traveling in a passenger-coach, having boarded the train at Macon to go to a point west of Americus.  When he reached Americus he left the passenger-coach and went forward and got upon the engine.  He had no duties to perform on the engine, and there was a rule of the company which prohibited engineers from permitting any person to ride on the engine without an order from the proper authorities, except certain named officers and employees of the company.  Nor was it shown by the evidence that it was customary to permit employees, other than those named in the rule, to ride upon the engine, with the knowledge and acquiescence of the company.  It is alleged

in the petition that the deceased got upon the engine at the request of the engineer, but there is no evidence to support this contention other than the testimony as to the statement, made by the deceased after the derailment (it does not appear how long after), that the engineer invited him upon the engine. The petition alleges and the proof shows that the deceased was a passenger and was riding as such on the train until he reached Americus. He had no right to leave the passenger-coach and go upon the engine, either with or without the consent of the engineer; and if he did so, he was, while riding on the engine, a trespasser, having voluntarily abandoned his position as a passenger to whom extraordinary diligence was owing. Under such circumstances his widow can not hold the company responsible for the homicide of her husband, resulting from the derailment of the train, occasioned by a defective track.

The plaintiff contends that, the deceased being a passenger, the company was under the duty to protect him from the consequences of his own negligence, and deduces from this that the company is liable in this case because the engineer allowed the deceased to ride in a place not intended for passengers, and in which he was subjected to greater peril than he would have been had he remained in the passenger-coach. Upon this theory the plaintiff seeks to distinguish the case of *Morris* v. *Georgia Railroad Co.*, supra. We do not think this constitutes any rational distinction between the cases. The decision in the *Morris* case was put upon the ground that the deceased in that case was a trespasser because of the fact that the engineer had no authority to invite him to ride upon the engine. In the present case the deceased was none the less a trespasser at the time he was killed, though he had previously paid fare and obtained the right to ride as a passenger. The payment of fare did not authorize him to ride upon the engine, but required him to remain on the train in the place provided for passengers, and the moment he voluntarily abandoned the place so provided and went upon a portion of the train where he had no right to go, and where the servants of the company had no right to invite him to go, and where he, as an employee of the company, familiar with its rules, must have known that he had no right to go, he ceased to be a passenger and became merely a trespasser, to whom the company owed no duty except not to injure him wilfully or wantonly. Under the decision of the Supreme Court in

the *Morris* case, supra, the burden was on the plaintiff to show that the engineer had authority from the company to permit the deceased to ride on the engine, or that it was the custom of persons occupying the position of the deceased to ride on the engine, and that this custom was known to the officers of the company having charge or supervision of the matter. The plaintiff, having failed to carry this burden, was properly nonsuited.

*Judgment affirmed.*