## JACKSON *v.* WESTERN & ATLANTIC RAILROAD CO. *et al.*

1. The special demurrer to so much of the petition as denominated the acts pleaded as negligence to be such should not have been sustained; but as the allegations of negligence remained in the petition, the ruling of the court in this regard will not require a reversal of the judgment in this case.

2. In an action for personal injury, based on negligence alone, where the allegations of the petition present no question of willfulness, wantonness, malice, oppression, or conscious indifference to consequences, it is not erroneous to strike an allegation claiming punitive damages.

3. The fact that at a different place on the road-bed of a railroad company a similar catastrophe under similar circumstances had happened twenty years ago is not relevant on the question of the company's diligence or negligence at the place involved in the present controversy.

4. A railroad company is liable to a trespasser riding on its train only for injuries willfully and wantonly inflicted. Where one riding on a freight-train was killed in a wreck of that train, caused by a washout in the road-bed through the company's negligence, and it is not shown that he had a right to be on the train by permission of the railroad company or otherwise, his widow has no cause of action against the comany for his homicide.

NOVEMBER 17, 1916.

Action for damages. Before Judge Thomas. Cobb superior court. November 16, 1915.

Addie Jackson brought suit against the Western and Atlantic Railroad Company and the Louisville and Nashville Railroad Company, to recover damages for alleged tortious death of her husband. She alleged, in substance, as follows: Both defendants used the same railroad-track and roadway at the place where her husband was killed, the Louisville and Nashville Railroad Company using the same for its trains by agreement with its codefendant. Her husband was employed as a track-hand on the Western and

Atlantic Railroad Company; and between 12 and 1 o'clock one night he boarded a southbound train of the Louisville and Nashville Railroad Company at or near Kennesaw, for the purpose of being carried to the section-house of the section upon which he worked, which was about a mile south of Kennesaw. He was on the train by permission of the defendants' agents in charge of it. When the train reached a point a mile and a quarter south of Kennesaw, where a stream of water flowed under the track through a culvert, the track gave way, and the train was plunged into a washout where the culvert had been, and the plaintiff's husband and others upon the train were killed. The wrecking of the train was caused by the culvert not being sufficiently strongly and substantially built to withstand the undermining influence of the water collecting in the time of heavy rain, and the culvert was not large enough to carry off the water. There had been a heavy rainfall a short time before the wreck; and the opening under the track being too small to let the water go off promptly, the road-bed caused it to collect and pond until the foundations of the track became so weakened as to be unable to withstand the force of the water and the heavy weight of the train. The plaintiff was unable to locate the position of her husband on the train at the time of the wreck, because all of its crew were killed, and the conductor did not know his position on the train at the time; but she alleged that the position of her husband on the train was not the proximate cause of his death; that the defendants were negligent in operating trains over the track while the culvert was not large enough to quickly carry off water falling in times of heavy rain; and that because of the acts of negligence alleged, and of the failure of the defendants to employ a track-walker to warn the crew of danger, she is entitled to recover exemplary and punitive damages. By amendment it was alleged, that the facts that the railroad had impeded the natural flow of the water and caused it to back up and pond in times of heavy rain, and that a heavy rain had fallen, were sufficient to put the defendants on inquiry and notice of what might be expected and what did actually happen; and that about twenty years ago, at a place only a few miles from the place of the wreck, where the natural conditions were similar and the natural flow of the water had been impeded and forced to go through a small culvert like the one where the wreck happened,

there was a similar washout and wreck with a similar loss of life, and knowledge of this fact should have served to have made the defendants careful and diligent to anticipate the conditions, so as to prevent the wrecking of the train on which her husband was riding when he lost his life. Certain grounds of special demurrer were sustained, and exceptions pendente lite were taken.

On the trial the plaintiff introduced testimony that she was the wife of the deceased, and that he was killed while riding on a freight-train which had been wrecked by running into a washout in the road-bed at the place described in the petition. A book-keeper residing in the vicinity testified that he knew the deceased to have worked as a section-hand on the Western and Atlantic Railroad, from having received of him a check given by the Western and Atlantic Railroad Company for his services as a track-hand. No eye-witness testified concerning the wreck of the train, or the manner in which the plaintiff's husband was killed; but it was shown that his mangled body was found in the wreck of the car next to the engine. The mortality tables, and evidence of the decedent's earning capacity, were introduced. The court granted a nonsuit, and the plaintiff excepted.

*Owens Johnson*, for plaintiff.

*D. W. Blair* and *Tye, Peeples & Tye*, for defendants.

EVANS, P. J. (After stating the foregoing facts.)

Some of the grounds of special demurrer were properly sustained. Others, directed to allegations which denominated as negligence certain pleaded facts, should have been overruled; but as the effect of the judgment sustaining such demurrer did not materially alter the plaintiff's case as laid, a reversal of the judgment is not required, under the view we take of the case in its entirety. The rulings on special demurrer appear in the first, second, and third notes of the syllabus, and do not require further discussion.

The plaintiff alleged that her husband was riding upon the train by permission of those in charge of it, under a custom of the railroad companies; but she failed to introduce any testimony on that subject. The evidence authorized an inference that the plaintiff's husband was killed while riding on a freight-train of the Louisville and Nashville Railroad Company. He was not an employee of that company. He was a bare trespasser upon its

train. In the absence of any custom or rule permitting freight-trains to carry passengers, the presumption is that one riding for his own convenience on a freight-train not designed for the transportation of passengers is unlawfully there and is a trespasser. The railroad company owed no duty to safely transport a trespasser riding on its freight-train without the permission of the railroad authorities; the only duty it owed him was not to wantonly injure him. *Morris* v. *Georgia Railroad &c. Co.,* 131 *Ga.* 475 (62 S. E. 579); *Smith* v. *Georgia Railroad &c. Co.,* 113 *Ga.* 9 (38 S. E. 330); *DeVane* v. *Atlanta, Birmingham & Atlantic Railroad Co.,* 4 *Ga. App.* 136 (60 S. E. 1079). The evidence was insufficient to show that the plaintiff's husband came to his death by any wanton act of the railroad company. It follows that the grant of a nonsuit was inevitable.

*Judgment affirmed. All the Justices concur.*