### 16111. DAVIS, agent, etc., v. JONES.

BELL, J. 1. With respect to the care and control of passengers on a railroad passenger-train, the conductor of the train, within the real or apparent scope of his authority, is the alter ego of the carrier. *Williamson* v. *Central of Ga. Ry. Co.,* 127 *Ga.* 125 (1) (56 S. E. 119) ; *Savannah Electric Co.* v. *Wheeler,* 128 *Ga.* 550 (2) (58 S. E. 38, 10 L. R. A. (N. S.) 1176) ; *Duggan* v. *Baltimore & Ohio R. Co.,* 159 Pa. 248 (39 Am. St. Rep. 672, 28 Atl. 186). It can not be held, as a matter of law, that such conductor would be acting without apparent authority in permitting a passenger to ride temporarily and for a reasonable purpose in a baggage-car immediately ahead of the passenger coach in which the passenger was originally riding. The rule would seem to be otherwise, however, where the matter was palpably without the conductor's authority, as in allowing passengers to ride on some part of the train where, because of increased danger or other circumstance, it could not be reasonably expected that the carrier would permit them to ride. *Morris* v. *Georgia R. &c. Co.,* 131 *Ga.* 475 (62 S. E. 579).

2. A person, after becoming a passenger upon a railway passenger-train, does not cease to be a passenger and become a trespasser or a licensee

on leaving the passenger-coach and going into the baggage car upon a matter personal to himself, such as the purchase of something desired by him from a news-vendor, where the conductor is consenting thereto and there is nothing to show that the conductor is exceeding his authority. The carrier still owes him the duty of extraordinary diligence for his safety. *Gardner* v. *Waycross R. Co.*, 94 *Ga.* 538 (19 S. E. 757); s. c. 97 *Ga.* 482 (25 S. E. 334, 54 Am. St. Rep. 435); *Auld* v. *Southern Ry. Co.*, 136 *Ga.* 266 (1) (71 S. E. 426, 37 L. R. A. (N. S.) 518); *Salmon* v. *City Electric Co.*, 124 *Ga.* 1056 (53 S. E. 575); *Savannah Electric Co.* v. *Fosterling*, 16 *Ga. App.* 196 (2) (84 S. E. 976); *Bailey* v. *Georgia Ry. & Power Co.*, 32 *Ga. App.* 793 (1) (124 S. E. 907).

3. Whether in such a case the act of the passenger in going into the baggage-car amounted to such negligence as would bar a recovery for injuries received by him therein would ordinarily be a jury question. While the fact that the passenger went into the baggage-car with the knowledge and consent of the conductor would not have justified the passenger in encountering an obvious danger, the same might be considered with the other facts and circumstances in determining whether or not the passenger was negligent, and also the degree of negligence, where the danger incident to his presence in the baggage-car was not obviously so great that a person of ordinary prudence would not voluntarily have exposed himself thereto. *Southern Ry. Co.* v. *Whitehead*, 31 *Ga. App.* 398 (120 S. E. 700).

4. Where it is made to appear that, while the passenger was in the baggage-car, under the circumstances stated above, the train was derailed and the passenger was injured by being precipitated to the floor and by being struck by objects in the baggage-car which fell upon him while he was in such position, it can not be said as a matter of law, from these facts alone, that his going into the baggage-car constituted such negligence as to prevent a recovery for the injuries so received. *Southern Ry. Co.* v. *Strickland*, 130 *Ga.* 779 (61 S. E. 826); *Atlanta Ry. Co.* v. *Smith*, 121 *Ga.* 29 (1) (48 S. E. 681); *Myrick* v. *Macon Ry. & Light Co.*, 6 *Ga. App.* 38 (1) (64 S. E. 296). And this conclusion is not altered by the fact that none of the passengers who remained in their accustomed places in the passenger-coaches were injured (*Atlantic Coast Line R. Co.* v. *Odum*, 5 *Ga. App.* 780 (3)), nor by the fact that a notice was posted in the baggage-car, giving warning that passengers were not allowed therein; especially where it is shown that the passenger did not see the notice, and it does not appear from the circumstances of its size and place in the car that he was bound to see it. *Central of Ga. Ry. Co.* v. *Mobley*, 6 *Ga. App.* 33 (4) (64 S. E. 300); *Macon & Western R. Co.* v. *Johnson*, 38 *Ga.* 409 (8).

5. Where an action was brought by a passenger against a railroad company to recover damages for injuries received under circumstances such as are indicated above, the plaintiff alleging that he was in the baggage-car with the knowledge and consent of the conductor, and that the train was derailed because of the negligent condition of the railroad-track and equipment and the excessive rate of speed at which the train was running at the time, a further allegation that the plain-

tiff's injuries were due also to the negligence of the defendant in having certain objects in the baggage-car so insecurely placed that they were caused to be thrown upon the plaintiff as the train was derailed, was not subject to demurrer on the ground that it failed to show negligence. *Gillespie* v. *Andrews,* 27 *Ga. App.* 509 (1) (108 S. E. 906); *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152 (1) (42 S. E. 395, 59 L. R. A 109). There was evidence to support the allegation.

6. Whether it could have been found that the plaintiff, after becoming a passenger, became a trespasser or a licensee when he left the passenger-coach and went into the baggage-car to deal with the news-vendor as indicated, if in doing so, as shown by the evidence for the defendant, he was acting without the knowledge or consent of the conductor, or whether in that case he would have continued to be a passenger, "entitled to look only for such security as that mode of conveyance was reasonably expected to afford" (*Higgins* v. *Cherokee Railroad,* 73 *Ga.* 149 (9)), but still having the right to hold the carrier liable for injuries proximately caused by negligence on its part with respect to other matters, such as its track and equipment (in addition to authorities cited in paragraphs one and two above, see the following: *Georgia Ry. & Power Co.* v. *Simms,* 33 *Ga. App.* 535, 126 S. E. 850 (2); 4 R. C. L. § 482, 1019; Michie on Carriers, § 2166, pp. 1555-7; Radley *v.* Columbia Southern Ry. Co., 44 Oregon, 332, 75 Pac. 212, 1 Ann. Cas. 447; Mittleman *v.* Philadelphia Rapid Transit Co., 221 Pa. 485, 18 L. R. A. (N. S.) 503, 70 Atl. 828; Missouri K. & T. Ry. Co. *v.* Williams, 40 S. W. 350; Washburn *v.* Nashville & C. R. Co. (Tenn.), 3 Head, 638, 75 Am. Dec. 784; O'Donnell *v.* Allegheny Valley R. Co., 59 Pa. 239, 98 Am. Dec. 336), it seems to be the rule that where a passenger goes into or upon some part of the train where it is known, or, considering the increased hazard or other circumstances, it is obvious, that the carrier would not consent to continue responsible or liable for him as a passenger, he may be held to have abandoned the contract of carriage and thus to have voluntarily severed his relation as passenger. But it need not be determined in the instant case whether the facts and circumstances made an issue for the jury as to the termination of such relation; because, assuming that such issue was involved and that the court erred in failing to submit it, the error was harmless. Although the defense that the plaintiff was a trespasser or a licensee is of a different species and character from the defense that his injury was the result of his own negligence or want of ordinary care, the latter defense having been duly submitted and the jury having found in the plaintiff's favor upon that issue, and it being undisputed that the plaintiff began as a passenger, and there being no question as to the relation except whether his conduct as referred to was such as to terminate it, it is manifest, under the record, that the jury would not have found that he was a trespasser or a licensee, since to have done so, under the facts appearing, they would have been compelled to find that the plaintiff was wanting in ordinary care, and thus to have concluded against him certainly as much as, if not more than, would have been necessary to sustain the other defense. The above rulings are believed not to be in conflict with anything decided

in any of the following cases: *Morris* v. *Georgia R. & B. Co.,* 131 *Ga.* 475 (62 S. E. 579); *Smith* v. *Western & Atl. R. Co.,* 134 *Ga.* 216 (67 S. E. 818); *Jackson* v. *Western & Atl. R. Co.,* 146 *Ga.* 151 (90 S. E. 963); *Haley* v. *Emerson Lumber Co.,* 12 *Ga. App.* 250 (77 S. E. 100); *Dixon* v. *Central of Ga. R. Co.,* 14 *Ga. App.* 216 (80 S. E. 512); *Ocilla S. R. Co.* v. *Faircloth,* 27 *Ga. App.* 728 (110 S. E. 46).

7. The assignments referred to in this paragraph were made on the assumption that the plaintiff was a passenger, and were in no way related to the contention that he was, or could have been found to have been, a trespasser or a licensee. Where the court, after instructing the jury as to the presumption of negligence which arose against the company upon proof of the injury, further instructed them that such presumption was a rebuttable one and might be overcome by the evidence of the plaintiff or that introduced by the defendant, and also that if the plaintiff was negligent in going into the baggage-car, and if such negligence was the proximate cause of his injury, or if it equalled or exceeded the negligence of the defendant, the plaintiff could not recover, the failure of the court, without request, to inform the jury in what way or by what proof, or by what weight of evidence, this presumption might be rebutted, or to instruct the jury formally or specifically as to what defenses the defendant might assert to overcome it, was not error. *Central of Ga. Ry. Co.* v. *Bagley,* 121 *Ga.* 781 (5) (49 S. E. 780). Assuming that the plaintiff was a passenger, the instructions just referred to did not limit the defendant to any defense or defenses to the exclusion of any other or others which it was entitled to have submitted. See *Central of Ga. Ry. Co.* v. *McKey,* 13 *Ga. App.* 477 (7) (79 S. E. 378); *Central &c. Ry. Co.* v. *Brinson,* 64 *Ga.* 475 (3).

8. The evidence authorizing the inferences that the plaintiff at the time of his injury was thirty-eight years of age and in good health, and was earning annually approximately $2,000; that he was almost entirely disabled for nearly two years, and that his earning capacity will always be considerably impaired, and that he had suffered pain constantly from the time of the injury until the trial, some three and a half years thereafter, and that his pain and suffering will probably be permanent, and it being the law that the jury were authorized, if they saw fit, to add interest to whatever damages they should have found that the plaintiff had suffered, embracing the whole in one amount (*Central Railroad* v. *Sears,* 66 *Ga.* 499; *Western & Atlantic R. Co.* v. *McCauley,* 68 *Ga.* 818; *Gress Lumber Co.* v. *Cody,* 104 *Ga.* 611, 30 S. E. 810), it can not be held as a matter of law that a verdict for $10,000 was for a sum so great as to show bias, prejudice, or mistake on the part of the jury, nor, therefore, that the verdict was excessive. *Hotel Equipment Co.* v. *Liddell,* 32 *Ga. App.* 590 (4) (124 S. E. 92), and citations.

9. After counsel for the defendant railway company had been heard in support of its motion for a new trial, the trial judge announced that "the only thing troubling or bothering him about the case was the amount of the jury's verdict." Counsel for the plaintiff then arose and requested the court to hold the motion in abeyance for a few days,

in order that he might have opportunity to communicate with his client and obtain consent and authority to reduce the verdict by writing off 50 per cent. thereof. This request being granted, and the consent of the plaintiff being obtained, the plaintiff's counsel, a few days thereafter, filed in court a document signed by the plaintiff, writing off $5,000, with an application that an order be passed directing that the same be filed and made a part of the record. The application was granted. Following this an order was passed overruling the motion for a new trial. A special assignment of error in the bill of exceptions alleges that it is apparent from these circumstances that the verdict as rendered did not meet the court's approval, and that the refusal of a new trial was influenced by the action of the plaintiff in writing off and reducing the amount of the verdict, and that for these additional and special reasons the refusal of a new trial by the court was erroneous. *Held:* In the order itself by which the new trial was refused there is nothing to indicate that the judge was dissatisfied with the verdict, or that he failed to exercise the discretion required of him by law in approving or disapproving the verdict as rendered. *Savannah &c. Ry. Co.* v. *Steinhauser,* 121 *Ga.* 104 (2) (48 S. E. 698). Where an order overruling a motion for a new trial contains nothing to indicate that the judge was dissatisfied with the verdict, or that he failed to exercise the discretion enjoined upon him by law, a reviewing court, in determining whether the judge exercised such discretion, will not consider oral remarks made by him pending the disposition of the motion. *Frank* v. *State,* 141 *Ga.* 243 (19) (80 S. E. 1016). Furthermore, the fact that at the conclusion of the opening argument of counsel for the movant the judge's mind was unsettled as to whether the verdict as originally rendered was excessive does not establish that he had not resolved the issue in favor of the verdict at the time he ultimately overruled the motion for a new trial, or that his judgment would not have been the same if the plaintiff had not written off a portion of the amount recovered. It not being shown by the judgment overruling the motion, or the other circumstances recited above, that the writing off of a part of the verdict was done at the suggestion of the presiding judge, or that his refusal of a new trial was influenced by the reduction of the verdict, the presumption is that he exercised the discretion vested in him by law, and that in overruling the motion for a new trial he approved the verdict as originally rendered; and this court will not reverse the refusal of a new trial because of the facts and transactions just referred to. *Atlanta Gas Light Co.* v. *Sams,* 29 *Ga. App.* 446 (4) (116 S. E. 21); *Southern Railway Co.* v. *Harper,* 32 *Ga. App.* 267 (6) (123 S. E. 154); *Savannah &c. Ry. Co.* v. *Godkin,* 104 *Ga.* 655 (4) (30 S. E. 378, 69 Am. St. Rep. 187). This case is distinguishable from those wherein it appeared from the judgment that the refusal of the new trial was induced by or conditional upon the plaintiff's writing off a part of the verdict. *Central of Ga. Ry. Co.* v. *Perkerson,* 112 *Ga.* 923 (4) (38 S. E. 365, 53 L. R. A. 210); *Seaboard Air-Line Ry. Co.* v. *Randolph,* 129 *Ga.* 796 (59 S. E. 1110); *Lee* v. *Bagwell,* 14 *Ga. App.* 699 (82 S. E. 49).

10. Applying the above rulings, the demurrers to the petition were properly

overruled, the evidence authorized the verdict, the amount of which was not as a matter of law excessive, there was no reversible error in any of the excerpts from the charge of the court or in any of the omissions to charge complained of, and the court did not err in overruling the motion for a new trial.

    *Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 17, 1925. REHEARING DENIED SEPTEMBER 16, 1925.

Action for damages; from Cobb superior court—Judge Blair. November 7, 1924.

Application for certiorari was made to the Supreme Court.

*Tye, Peeples & Tye, Morris, Hawkins & Wallace,* for plaintiff in error.

*Hoke Smith, Ronald Ransom, Branch & Howard, John T. Dorsey,* contra.