37502.   ROBERTS *v.* BOWMAN TRANSPORTATION, INC.

DECIDED FEBRUARY 3, 1959.

*F. H. Boney,* for plaintiff in error.

*Pittman, Kinney & Pope, J. T. Pope, Jr.,* contra.

FELTON, Chief Judge. The question presented is whether, at the time of his death, the plaintiff's son was an employee of the defendant so as to have rendered him a fellow-servant of the truck driver Freeman thereby causing the "fellow-servant" rule to apply. The plaintiff alleged that his son "was assigned by the defendant, Bowman Transportation Co., Inc., as a prospective junior driver to Billy L. Freeman"; that the son "was aboard the tractor with knowledge and consent of the defendant . . . for the sole purpose of making a trial trip as a prospective driver and employee for the defendant"; that the son never drove the tractor at any time after it left Gadsden, Alabama; that the son "was never employed by the defendant as he was never permitted to drive the truck-tractor to demonstrate his ability and he never worked for the defendant nor received pay from the defendant."

The defendant relies on the case of *Smith* v. *Western & Atlantic R. Co.,* 134 *Ga.* 216 (1) (67 S. E. 818) where it was held that "a learner fireman" or "an apprentice fireman" working without pay was a fellow-servant with the other servants in the operation of the train. However, we think the ruling in *Buchsbaum* v. *Sadler,* 40 *Ga. App.* 709 (151 S. E. 566) is applicable under the facts of this case. The facts of that case concerning the plaintiff's relationship with the defendant were these: "that the defendant conducted a baker's business, and owned and used in the conduct of his business an automobile truck, and Christian Hodges was in the defendant's employ as driver and operator of the truck in its use for the delivery of the defendant's wares; that on May 26, 1929, the defendant requested the plaintiff to enter his employ as a salesman and as operator of the said truck, to deliver the defendant's wares to patrons residing along a designated route, the plaintiff to be paid a commission on the receipts thereof, and that the plaintiff agreed to ride on the truck with Hodges for the purpose of investigating the desirability of entering into the defendant's employ." This court held: "The petition in the instant case, although construed most strongly against the plaintiff, fails to disclose the relationship of master

and servant between the defendant and the plaintiff. The ruling in paragraph 1 of the decision in *Smith* v. *W. & A. Railroad Co.*, 134 *Ga.* 216 (67 S. E. 818), will not be extended to cover the facts of this case."

However, assuming for the sake of argument only that at the time of his death the son was a fellow-servant of the driver, count 1 of the petition alleging the lack of ordinary care stated a cause of action for the following reasons: Seven of the eight specifications of negligence in the petition alleged that the driver was negligent in certain particulars and sought to charge the defendant therewith via the doctrine of respondeat superior. The other specification of negligence alleged that the defendant was guilty of an original act of negligence in that "the said Billy F. Freeman as driver for the defendant was required and permitted to be on duty for a longer period than 10 consecutive hours in violation of the laws of Georgia, to wit: Code Section 68-522, the same being negligence per se." The plaintiff alleged that these acts of negligence "taken singularly or in any combination thereof were the direct and proximate cause of the injuries." Where a servant's cause of action is based on the concurrent negligence of a fellow-servant and the employer, the fellow-servant rule does not apply. *Standard Cotton Mills* v. *Collum*, 6 *Ga. App.* 426 (1) (65 S. E. 195); *Durham* v. *Whittier Mills Co.*, 9 *Ga. App.* 26 (70 S. E. 195); *Moseley* v. *Schofield's Sons Co.*, 123 *Ga.* 197 (51 S. E. 309). "In order to relieve a master from liability for an injury to one of his servants, the negligence of a fellow servant must have been the sole cause of the injury, unmixed with any negligence on the part of the master or his representative." *Southern Ry. Co.* v. *Diseker*, 13 *Ga. App.* 799 (6) (81 S. E. 269).

Since under the facts alleged the plaintiff's son was the defendant's invitee at the time of his death, count 1 of the petition stated a cause of action based on the failure to exercise ordinary care but counts 2 and 3 based on the failure to exercise slight care and extraordinary care were subject to the general demurrers.

The court erred in sustaining the general demurrer to count 1

of the petition. The court did not err in sustaining the general demurrers to counts 2 and 3.

*Judgment affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*