Cotchett *v.* The Savannah and Tybee Railway Co.

Whether, under the facts of this case, the plaintiff, a passenger on the defendant's train, who was injured while passing from one coach to another by their sudden separation, throwing him to the ground, was in the exercise of ordinary care, should have been submitted to the jury ; and the grant of a nonsuit was erroneous. March 17, 1890.

Nonsuit. Negligence. Railroads. Passengers. Practice. Before Judge Harden. City court of Savannah. February term, 1889.

Cotchett sued for damages for personal injuries. His evidence tended to show the following: On the night of 17th of August, 1887, he was a passenger on defendant's excursion train of eight or nine comfortably full cars. A large number of people were aboard, but all could be provided with seats. Plaintiff was sitting in one of the cars, and when the train was going very slowly and about to stop, he got up to get some water; there was none in the car where he was sitting, and he started into the next car to get some. He passed through the door to the platform of the next car, where one Hodges was standing, and a few words were exchanged between the two. At the close of the conversation, lasting about a minute, plaintiff, in the act of going away from Hodges, put his right foot in the doorway of the car and raised his left foot, when the car separated, and he was thrown to the ground, and the wheel of the car ran over and crushed his foot. When he fell, he struck the back of his head on the cross-tie, and this knocked him unconscious; otherwise he would have had time to get out of the way. The immediate cause of his falling was the breaking of the link or of the coupling-pin. The car apparently was not in the right place, two lady passengers being about to get off, and it had to jerk; and it required a little more force to get around the curve it was on; and as the engineer pulled open the throttle, it jerked very suddenly and separated. At the time the link or pin broke, neither of plaintiff's feet was on the platform. If the car had separated while he was talking with Hodges, it would have thrown him sideways and he would have had some chance to grab the guard. Since the accident, the car has been provided with chains to hold it in case the link should break; but there were no chains there at the time plaintiff was hurt. He was then perfectly sober; if the pin or link had not broken,

he would not have fallen ; but the breaking caused the automatic air-brakes to stop the car suddenly, and the jerk thus caused threw him out.  He did not recollect that there was any sign or notice on the door requesting the passengers not to stand on the platform, although there may have been one, as there generally is on passenger-coaches.  He did not see the conductor until after he was hurt, and made no request of any one in the train to furnish him with water, but endeavored to find it for himself.  People were continually passing from car to car, and a witness heard the conductor telling the people to get off the platform, but plaintiff was not present, and the witness did not know that plaintiff heard him.  The coupling-pins were small.  The other evidence, as to the extent of the injury, etc. is not here material.

The court granted a nonsuit on the ground that the evidence showed that the plaintiff was not in the observance of ordinary care, holding that but for this view as to plaintiff's fault, the case would be for the jury.  The plaintiff excepted.

Denmark & Adams, for plaintiff, cited Code, §§2062, 2067, 4585 ; 62 *Ga.* 566 ; 75 *Ga.* 331 ; 38 *Ga.* 438 ; 80 *Ga.* 807 ; 81 *Ga.* 275 ; 93 U. S. 296 ; 102 *Id.* 456 ; Ang. Car. §§535-6 ; 2 Rorer R. 956-7.

J. R. Saussy, for defendant, cited Code, §2972 ; 82 *Ga.* 400, 801 ; 81 *Ga.* 476 ; 78 *Ga.* 47 ; 77 *Ga.* 788 ; 76 *Ga.* 333 ; 74 *Ga.* 604 ; 73 *Ga.* 149 ; 72 *Ga.* 137 ; 70 *Ga.* 207, 566 ; 69 *Ga.* 347 ; 66 *Ga.* 195 ; 61 *Ga.* 114, 586 ; 60 *Ga.* 667 ; 53 *Ga.* 12 ; 50 *Ga.* 357 ; 42 *Ga.* 327 ; 38 *Ga.* 437 ; 19 *Ga.* 445 ; 72 Ala. 112 ; 14 Allen, 429 ; 7 *Id.* 207 ; 95 U. S. 435 ; 15 Blatch. C. C. 216 ; 81 Ill. 19 ; 67 *Id.* 398 ; 51 *Id.* 398 ; 6 Am. and Eng. R. Cas. 454 ; Whart. Neg. §630 ; Ang. Car. §538 ; 2 Q. B. 412 ; 2 Exch. 451.

Blandford, Justice.

In this case the court awarded a nonsuit.  The plain-
v 84-44

tiff excepted, and says that this was error. We are of the opinion that the court committed error in awarding a nonsuit in this case; that the same should.have been submitted to a jury.                    *Judgment reversed.*