## BALL, receiver, *v.* MABRY.

1. As receivers of railroads operating the same under legal authority exercise the charter franchises of the company, they are subject to suit in any county in which the railroad corporation itself may be sued for a like cause of action. While their personal residence is unaffected, their official residence coincides with that of the company they represent, the action being brought to enforce official and not personal liability. In order to sue a receiver appointed by a court of the United States, no permission of that court is requisite, there being an act of Congress dispensing therewith.

2. The degree of diligence due from a common carrier to a passenger is extraordinary, no matter what means of conveyance may be employed; but what is extraordinary diligence by a freight-train is different in many respects from that which is such diligence by a passenger-train. In this case the jury would so understand from the charge of the court.

3. In a proper case it is not error to charge that the plaintiff is entitled to recover for the pain and suffering he will probably endure in the future.

4. A passenger by a freight-train takes the risk of the usual and ordinary jolts properly incident to handling and running such trains; and when the nature and degree of the jolt complained of are material, a witness who was present and had experience in such matters on the same railway should be allowed to testify in behalf of the company that the car was not going faster than usual, that the jolt was not more than ordinary, and the shock was not sufficient to throw a man unless he was standing. This evidence would serve to communicate to the jury in appropriate language some idea of the nature and violence of the jolt by which the plaintiff was injured.

July 24, 1893.

Before Judge JANES. Polk superior court. August term, 1892.

A. T. LOUDON, IVY F. THOMPSON and J. P. RAMSAUR, for plaintiff in error.

IRWIN & BUNN and BROYLES & SON, contra.

SIMMONS, Justice.

1. Mabry brought an action for damages in the superior court of Polk county against Ball, as receiver of the East & West Railroad of Alabama under appointment of the circuit court of the United States, alleging that he was injured by the negligence of the defendant's agents and servants while a passenger on a train on that road. Ball filed a plea in which he alleged that "he is now, and was at the time of the bringing of this action, a resident of Cartersville in the county of Bartow in the State of Georgia, and is not now, nor has he ever been, a resident of said county of Polk." On demurrer this plea was stricken. The receiver of a railroad who operates the same under legal authority is not liable

personally for his official acts. His official liability relates to the fund or property which the court is administering by the machinery of receivership. The receiver does not operate the railroad as an individual, but exercises the charter rights and franchises of the company of which he is receiver. As receiver he resides in each county through which the railroad passes. Exercising the franchises of the company, he becomes a common carrier and stands in the shoes of the company, and is liable to be sued in the county where the cause of action originated, as the company would have been, under section 3406 of the code, before he was placed in charge as receiver. Nor is it necessary, where a receiver has been appointed by a court of the United States, to obtain permission of that court before bringing the suit. The act of Congress of March 3d, 1887 (24 U. S. St. p. 554), dispenses with the necessity of obtaining that permission from the court. See 40 Fed. Rep. 426; 49 Fed. Rep. 807.

2. Whenever a common carrier undertakes to carry passengers for hire, he is bound to extraordinary diligence, no matter what means of conveyance may be employed to carry the passenger. This standard of diligence applies as well where the passenger is carried upon a freight-train as it does where he is carried upon a passenger-train. But what may amount to extraordinary diligence with respect to one class of trains may not amount to it with respect to another class. The standard of diligence is the same, but the manner of its exercise must depend upon the circumstances of the case, taking into consideration the character of the train and the manner in which it is usually made up and run, and in which the cars are usually coupled to one another. It is well known that jolts and jars are usual and necessary in the running of a freight-train, much more so than in the running of passenger-trains; and a passenger

who voluntarily takes passage on a freight-train takes the risk of the usual and necessary jolts and jars which happen in the making up and running of such trains. A jolt or jar which would be unusual and unnecessary in a passenger-train, might be usual and necessary in a freight-train. But where a common carrier takes a passenger on a freight-train, he must use extraordinary care in preventing unusual and unnecessary jolts and jars, so as to protect the passenger, just as he is required to do to prevent any jolts or jars on a passenger-train which would be likely to injure the passenger. See *Crine* v. *Ry. Co.*, 84 *Ga.* 651; *Chattanooga, Rome, etc. R. Co.* v. *Huggins*, 89 *Ga.* 495(5).

3. Where a passenger on a railroad has been injured by the negligence of the company's servants, he is entitled to recover for the pain and suffering caused by the injury, and it is not error for the court to so instruct the jury.

4. The injury on account of which this action is brought was alleged to have been caused by the negligence of the defendant's agents and servants in allowing the freight-cars to run together so rapidly as to produce an unusual and unnecessary jolt, which threw plaintiff down from his seat and injured him. The defendant offered to prove by a witness who was present, and who had had experience in such matters on the same railroad, "that the car was not going faster than usual, the jolt was not more than ordinary, and the shock was not sufficient to throw a man unless he was standing." On objection of plaintiff's counsel to this evidence, the court excluded it. We think this was error. As before remarked, a passenger on a freight-train takes the risk of the usual and ordinary jolts incident to handling and running such trains. If he is injured by reason of such jolts, the nature and degree of the jolt complained of are material. It is material for the plaintiff to show

that it is unusual and unnecessary; it is material for the defendant to show that it was a usual and necessary jolt. There is no machine or instrument by which the violence of the concussion may be determined. It can only be determined by its effect upon the cars and the passengers, and by the opinion of witnesses who have had long experience and training in the management of trains of this character, and who have seen or felt the jolt or jar in question, and who are thus qualified to give an opinion as to whether it was unusual, or usual and ordinary. We think the evidence offered would serve to communicate to the jury some idea of the nature and violence of the jolt by which the plaintiff was injured.

*Judgment reversed.*