## TALLULAH FALLS RAILWAY COMPANY *v.* HARRIS.

The evidence, though conflicting on material issues, was amply sufficient to warrant the verdict, and no sufficient reason has been shown for reversing the judgment refusing to grant a new trial.

Argued June 19,—Decided August 15, 1907.

Action for damages. Before Judge Kimsey. Habersham superior court. December 3, 1906.

Harris sued the Tallulah Falls Railway Company for damages, alleging that he was a passenger upon one of its trains, and when the train reached the terminus of the road he started to alight, and the train suddenly started at a rapid rate, and was jerked in such a way as to cause the passengers alighting to lose their balance, and the plaintiff, seeing his danger, endeavored to recover himself, but, being burdened with luggage, he could not do so, and lost his balance, and he was thrown violently to the ground, receiving the injuries set forth in detail in the petition. The defendant filed an answer denying all liability. At the trial the plaintiff testified, that it was dark when the train reached the station at which he was to alight, and when the station was announced the conductor came with his lantern, and the passengers prepared to alight; that he was near the middle of the coach, which was "pretty full," and he got up and started out with his baggage in his hand, which was a very heavy valise, weighing fifteen or twenty pounds; that he walked out and down the steps to the last step, and was just making the step to the ground when he discovered that the train was moving; that he thought he would go back and not attempt to alight, but he found that he could not do that; that just about that time the train seemed to "jump right back," and threw him forward, and he fell to the ground; that the train being in motion kept him from recovering himself, and he thought that if he endeavored to recover himself he would fall right down under the car; that he thought first of throwing himself back; that he just turned loose at the time that there

seemed to come a quick motion of the train backwards; that the jerk prevented him from getting back on the train; that he could have got back if the train had been perfectly still; that the train was moving slowly when he first noticed the motion, but when he decided to turn loose the sudden jerk occurred which pitched him out a considerable distance from the train. The evidence on the part of the defendant tended to establish that the train stood perfectly still for a sufficient length of time for all of the passengers to alight. The jury returned a verdict in favor of the plaintiff, and the defendant assigns error upon the refusal of the judge to grant a new trial.

J. J. *Bowden* and *Pope B. Erwin,* for plaintiff in error.

J. C. *Edwards* and *Robert McMillan,* contra.

COBB, P. J. (After stating the facts.) Whether it is negligence or not, in a particular case, for a passenger to attempt to alight from a moving train, must depend upon the circumstances of danger attending the act, and the special justification which the person leaving the train had for doing so. Ordinarily, in cases of this kind, the question of what is or is not negligence is one for the jury; and unless the danger is obviously great—as where the train is moving at a high rate of speed,—the court can not hold that leaving the train is, as a matter of law, such negligence as should preclude a recovery. *Suber v. G., C. & N. Ry. Co.,* 96 *Ga.* 42. In this case the questions as to the defendant's negligence and the plaintiff's diligence were peculiarly for solution by the jury. The evidence, though conflicting on material issues, fully warranted the verdict. The original motion for a new trial contains only the general grounds. In the amended motion there is an elaboration of these grounds. There is one assignment of error upon an extract from the charge of the court. The substance of this charge was that if a passenger was attempting to alight from a train, and the same suddenly started, and he received injuries as a consequence, there would be a presumption of negligence against the company, and that the burden would be upon it to establish some defense by a preponderance of evidence. The assignment of error upon this charge was, that the controlling question in the case was as to whether the train stopped at the station a sufficient length of time to allow the passengers to alight in safety, and this charge took this question entirely from the con-

sideration of the jury. We do not think the charge was subject to the criticism made upon it. It was merely dealing with the question as to the circumstances under which the presumption of negligence would arise against the company, and there was nothing in it to intimate to the jury that the company would be liable in the event that the jury should be satisfied that the company was not negligent so far as the time given the passengers to alight was concerned. No sufficient reason has been shown for reversing the judgment.        *Judgment affirmed. All the Justices concur.*