846.   AUGUSTA RAILWAY & ELECTRIC CO. *v.* LYLE.

In a suit to recover damages against a street-car company, where the allegation of negligence is the negligent movement of a car of the defendant, causing a sudden, violent, and unusual jerk, which threw the plaintiff across the seat of the car, it was erroneous to give in charge to the jury the following instruction: "If, in reviewing the testimony, you are satisfied that the plaintiff was injured by a sudden, violent, and unusual jerk, and that he could not, by the exercise of ordinary care and diligence, have protected himself against the consequences of this negligent act, then he would be entitled to recover." The error in this instruction is twofold: First, that a recovery could be predicated on proof of a sudden, violent, and unusual jerk. To make a jerk an act of culpable negligence· it must have been unnecessary at the time and place where it occurred, as well as violent and unusual. Second, that the charge contained an assumption by the judge and an instruction to the jury that the act mentioned constituted negligence; and that "this negligent act" had been proved.

Action for damages, from city court of Richmond county—
Judge Eve. November, 1907.

Argued January 21,—Decided March 30, 1908.

*Boykin Wright, George T. Jackson,* for plaintiff in error.
*Henry C. Roney,* contra.

HILL, C. J.   Lyle sued the Augusta Railway and Electric Company, to recover damages for personal injuries received by him while a passenger on one of the cars of the company. He recovered a verdict for $3,000, and the defendant made a motion for a new trial on various grounds, which was overruled. The evidence in behalf of the plaintiff, supporting the allegations of his petition, can be briefly stated as follows: On February 3, 1906, between eleven and twelve o'clock at night, he got on a car while it was standing near a crossing of the tracks of the Georgia Railroad. He sat down at first on the third seat from the rear end of the car, but noticing a negro man sitting on the seat opposite him, and recalling the rule which required the company to reserve the rear seats for negroes, and inferring that the three rear seats were so reserved, he got up for the purpose of changing his seat to one nearer the front of the car. As he arose for that purpose, the car started off with a sudden, violent, and unusual jerk, and threw him across the seat. When he arose to change his seat, he had on his overcoat and had his hands in his pockets. As a result of the fall across the seat he received severe personal injuries,

which were fully described. The defendant company denied any negligence, but contended, that the car started in the usual and ordinary way, without any sudden, violent, or unusual jerk; that it was passing over the tracks of the railroad company at the crossing, and that the plaintiff, at this time and while the car was passing over the tracks of the railroad, arose for the purpose of changing his seat, and, having his hands in his pockets, lost his balance, because of the usual and necessary jolting of the car in passing over the railroad tracks; that his fall was entirely the result of his own negligence. The conflict in the evidence was settled by the verdict of the jury in favor of the plaintiff, on the question of liability, and we can not say that there was no evidence in support of the verdict. For this reason we would not feel authorized to grant another trial, unless there occurred material and prejudicial errors of law on the part of the court.

The 8th ground of the motion for new trial alleges error in the following charge: "If, in reviewing the testimony, you are satisfied that the plaintiff was injured by a sudden, violent, and unusual jerk, and that he could not, by the exercise of ordinary care and diligence, have protected himself against the consequences of this negligent act, then he would be entitled to recover." The objection to this charge is twofold. First, it does not state a correct proposition of law. Second, it is an expression of opinion by the court as to what acts would constitute negligence; and it was also an expression of opinion that the defendant had committed an act of negligence. We do not think the court correctly stated the law, in the first portion of this charge. It has been repeatedly held by the Supreme Court that it is not sufficient, as a basis of recovery because of negligence, to show a sudden, violent, and unusual jerk of the car; that the proof should also show that the sudden, violent, and unusual jerk or motion of the car was unnecessary at the particular time and place. As was said in *Ball* v. *Mabry,* 91 *Ga.* 784 (18 S. E. 65), it is material for the plaintiff to show that the jerk or jolt by which he was injured was both unusual and unnecessary; and it is material for the defendant to show that such jerk or jolt was usual and necessary. It can not be doubted that a jolt or jerk, although violent and unusual, might nevertheless, be necessary at the particular time and place of its occurrence. To illustrate: A street-car passing at the proper

speed over the track might be suddenly stopped by the motorman, to prevent running over a pedestrian about to come on the track, and a passenger might be thereby injured. The stop is both sudden and unusual, but it could not be said to have been unnecessary. No right of action would accrue to the injured passenger, because of the necessity of stopping at the time and place to prevent injuring or killing the pedestrian. In this case it was insisted by the defendant, that the jolts of the car in passing over the tracks of the railroad at the place where the accident occurred, although they might have been more violent than at other parts of the road, were, nevertheless, the usual and necessary incidents of passing over the tracks at this place, and that while it unquestionably would be incumbent upon the street-car company to establish the necessity of such jerks or jolts in passing over the tracks in this particular place, it had undertaken tȯ do so, and that this charge of the court, in excluding from consideration the element of necessity, deprived the defendant of a material part of its defense; in other words, that this charge not only allowed, but instructed, the jury to draw the conclusion that a jerk or jolt that was sudden, violent, and unusual was negligence, although it might have been a necessary incident to the motion of the car in crossing the railroad tracks.

The rule applicable is the same as that applied to noises caused by the running of trains. Liability arises from the injuries so caused only when the noises are both unusual and unnecessary. *Southern Ry. Co.* v. *Flynt*, 2 *Ga. App.* 162 (58 S. E. 374); *Morgan* v. *Central Railroad*, 77 *Ga.* 788. It has been held, that in determining whether an irregular motion of a train or car was unusual and unnecessary, not only the character of the train or car, but also the place where such motion occurred, should be taken into consideration,—for instance, that a motion which might be considered violent and unusual on a straight track might be both usual and necessary in going around a curve, or in going from a main track to a switch track, or in passing over tracks. *Ball* v. *Mabry,* supra; Ayers *v.* Rochester Ry. Co., 156 N. Y. 104 (50 N. E. 960); Moser *v.* Street Ry. Co., (Ky.) 74 S. W. 1090, 1 St. Ry. Rep. 240. In a case decided by the Massachusetts Supreme Court, it was held that a passenger on a street-car, who was injured by being thrown to the ground by a lurch of the car in pass-

ing over the main track to a switch track, could not recover there-for, where there was no evidence that the injury was due to a defect in the car or track, or that the speed was unusual or dangerous. Such motions of street-cars are of quite frequent occurrence, and are to be expected to a greater or less degree whenever the car passes from one track to another, and are of the class of usual and unavoidable incidents in the use of cars upon the streets. Byron *v.* Lynn & Boston R. Co., 177 Mass. 303 (58 N. E. 1015) ; Ilges *v.* St. Louis Trans. Co., 102 Mo. App. 529 (77 S. W. 93, 2 St. Ry. Rep. 586). We conclude that the correct rule of law on the point now under discussion is that the liability of the street-railway company would depend upon whether or not the motion ·of the car at the place where the injury occurred was not only sudden, violent, and unusual, but was also unnecessary.

We think also that the charge was erroneous in that the judge undertook to enumerate certain acts of the defendant and to tell the jury that these acts would constitute negligence. "It is error for the court to charge the jury that certain enumerated facts, if proven, would constitute negligence. Negligence is a question of fact, of which the jury are to judge from the evidence, and not a question of law." *Montgomery & West Point R. Co.* v. *Boring,* 51 *Ga.* 582. "It is error for a trial judge to instruct the jury that given facts would constitute negligence, when the facts are not such as are made by law to constitute negligence per se." *Portner Brewing Co.* v. *Cooper,* 116 *Ga.* 171 (42 S. E. 408) ; *Augusta Ry. Co.* v. *Weekly,* 124 *Ga.* 384 (52 S. E. 444). Following these decisions and many others, this court announced, in the case of *Atlanta & Birmingham Air-Line Ry.* v. *McManus,* 1 *Ga. App.* 303 (58 S. E. 258), "It is erroneous for the judge, in his charge, to assume or to instruct the jury that certain things, not directly made so by law, are or are not negligent." Analyzing the excerpt from the charge, it will be seen that the trial judge not only told the jury that a sudden, violent, and unusual jerk would constitute negligence, but relieved them from the exclusive burden of responsibility in determining the existence of negligence. The use of the language, "this negligent act" (alluding to the sudden, violent, and unusual jerk), by the trial judge, was plainly an expression of opinion, and left nothing, as to the character of this act, for the solution of the jury. It is true the judge in other portions of

the charge properly left the question of negligence to be determined by the jury from the facts; but this, we think, did not render harmless the specific error contained in the instruction under criticism. Besides, the error noted was substantially repeated in other portions of the charge, which are specifically excepted to in the 10th, 12th and 13th grounds of the motion for new trial.

. There are assignments of error made as to other portions of the charge, and we have considered them in connection with the charge as a whole. So considered, we do not think that they contain any material or prejudicial error. The judgment refusing to grant a new trial is reversed solely on account of the erroneous instructions above noted.                                    *Judgment reversed.*