### 5214. GEORGIA, FLORIDA & ALABAMA RAILWAY CO. v. JACOBS.

No error of law appears, and the evidence supports the verdict.

DECIDED SEPTEMBER 29, 1914. JUDGE B. H. HILL, OF THE ATLANTA CIRCUIT, WAS DESIGNATED TO SIT IN THIS CASE INSTEAD OF JUDGE ROAN, WHO WAS ABSENT BECAUSE OF ILLNESS.

Action for damages; from city court of Bainbridge—Judge Spooner. August 30, 1913.

*T. S. Hawes, W. H. Krauss,* for plaintiff in error.

*M. E. O'Neal,* contra.

HILL, J. This is a suit brought by a passenger against the railway company, to recover damages for personal injuries caused by negligence. The petition alleges, in substance, that when the train upon which plaintiff was a passenger was approaching the station at which she intended to disembark, and after an agent of the company had announced the approach of the train to that station, she left her seat in the car and went out on the platform, preparatory to alighting; that the train was moving very slowly when she got up from her seat and when she stepped out on the platform; that the train, instead of stopping at the station and permitting her to alight, began to run faster, and, in accelerating its speed, gave a "sudden, violent, unusual, and unnecessary jerk," and this jerk threw her from the platform to the ground, causing her serious injuries described in the petition. There was some conflict in the evidence as to whether the plaintiff was injured while she was standing on the platform, waiting for the train to come to a full stop, or in endeavoring to get off before the train had come to a full stop. Her own evidence and that of the witnesses in her behalf supported the allegation of the petition as to the manner in which the injuries were inflicted, and the verdict settles that point. It is conceded that the evidence authorized the conclusion that she was not guilty of contributory negligence in going out upon the platform, but it is contended that it was incumbent on her to show that after going out on the platform she was injured by a jerk of the train which was "sudden, violent, unusual, and unnecessary," and that the evidence entirely fails to show these essential facts. The proposition of law is undoubtedly sound. See *Augusta Ry. & Electric Co.* v. *Lyle,* 4 *Ga. App.* 113, 116 (60 S. E. 1075), and cita-

tions. The evidence clearly showed that there was a "jerk" while she was on the platform; whether it was "sudden, violent, unusual, and unnecessary" was a question for the jury, under all the attendant circumstances, and this court can not say that there were no facts or circumstances from which an inference could have been fairly drawn by the jury that this jerk was "sudden, violent, unusual, and unnecessary," although no witness positively so characterized it.

The grounds of the motion for a new trial are without substantial merit. No error of a material character appears in the rulings on evidence. The questions asked by the trial judge of a witness for the plaintiff are not subject to adverse criticism; nor were the answers elicited at all material or prejudicial. The objections made to certain excerpts from the charge are not meritorious, when considered with the context of the entire instructions. The case was fairly tried, the law was correctly presented on the issues involved, and the evidence supports the verdict.    *Judgment affirmed.*