### 11368.  COLUMBUS RAILROAD COMPANY v. JOYCE.

It appearing from the plaintiff's petition that when she was standing on the platform of a street-car of the defendant railroad company, which she had just boarded at a stopping place, for the purpose of being transported as a passenger, and was in the act of depositing her fare in a box provided for it, as the conductor or motorman of the car had instructed her to do, the car started off with a sudden jerk, throwing another . passenger against her and throwing her against an iron bar, and she thus received personal injuries, which the petition alleges "were not caused by any fault or negligence upon her part, but were the result of the fault. and negligence of the defendant, its agents and servants, in starting off said car with a sudden jerk without any warning" to her, a cause of action is stated, and the court did not err in overruling a general demurrer to the petition. JENKINS, P. J., dissents.

DECIDED SEPTEMBER 27, 1920.

Action for damages; from Muscogee superior court — Judge Howard.  February 3, 1920.

*Frank U. Garrard, A. S. Bradley,* for plaintiff in error.

*T. T. Miller,* contra.

SMITH, J.  The plaintiff's petition, after the formal allegations as to jurisdiction, alleged:  that the defendant company, was engaged in the business of running street cars propelled by electricity upon the streets of the city of Columbus, said cars being run for the purpose of carrying and conveying passengers; that a car of the defendant company stopped at a certain transfer station to take on and discharge passengers; that on October 19, 1917, plaintiff boarded a car at said transfer station for the purpose of being transported as a passenger; that the car was what is known as a "pay-as-you-enter" car, and as plaintiff stepped up on the platform of the car she was informed by the motorman or conductor that she should deposit her fare in the box, and she opened her purse for that purpose; that while so standing on the platform to deposit her fare "the car started off with a sudden jerk," throwing another lady passenger against the plaintiff and throwing the plaintiff against an iron bar.· The petition then set out the particulars as to the injuries which plaintiff claimed she suffered.  The plaintiff further alleged that the injuries were not caused by any negligence or fault on her part, but were the result of the fault and negligence of the defendant, its agents and servants, "in starting off said car with a sudden jerk," without warning her, while she was standing on the plat-

form thereof and while depositing her fare in the box provided for that purpose, and that this negligence on the part of the defendant was the direct and proximate cause of her injuries. She prayed for judgment against the defendant for pain and suffering.

The law provides that every railroad company (and this includes a street-railway company) shall provide a reasonably safe place for passengers to get upon its cars and to leave the same, and shall also allow the persons desiring to embark upon said cars or debark from the same a reasonable time in which to get on the car or get off the car; and the question as to what constitutes a reasonable time is always a question of fact for determination by the jury. The allegations in the petition clearly set out that the plaintiff was in the act of getting on the car of the defendant, and that she had not reached a place of safety within the car, but was stopped by the servant or agent of the defendant in order for her to deposit her fare in a box provided for that purpose. Upon allegations being made in the petition setting out all these facts, a prima facie case would be made out in favor of the plaintiff, and the petition would be good as against a general demurrer. If the plaintiff's proof sustained these allegations and showed the injuries alleged to have resulted therefrom, the burden would then be on the defendant company to prove that its agents and servants in this matter exercised all ordinary and reasonable care and diligence; and in this case — that of a passenger — such care would be extraordinary care. This ruling is in accord with the rulings made in *Griswold* v. *Macon Railway & Light Co.,* 6 *Ga. App.* 1 (63 S. E. 1132), and *Holleman* v. *Georgia Southern & Florida Railway Co.,* 12 *Ga. App.* 755 (78 S. E. 428), and is not in conflict with the holding in *Central of Georgia Railway Co.* v. *Parish,* 17 *Ga. App.* 689 (87 S. E. 1095). In the case last cited a passenger had safely embarked upon the car and got up from a seat, and at the time of the accident was moving about in the car. That is a very different case from one in which a passenger is seeking to board a car and is injured before having reached a place of safety within the car.

*Judgment affirmed. Stephens, J., concurs.*

JENKINS, P. J., dissenting. Upon proof of injury to a passenger of a railway or street-railway company by the running of its cars, the law raises a rebuttable presumption that the injury

was brought about by negligence of the defendant company; but the presumption thus raised relates only to the particular acts of negligence charged by the petition; and if it should clearly appear that none of the acts set forth can properly be taken or accounted to be negligence, no presumption against the company will arise. The question in this case, as raised on demurrer, is whether the act of negligence charged by the petition, and upon which the plaintiff must rely, is sufficient to authorize a recovery. The act of the defendant which is alleged to have constituted negligence consists in having started off the car " with a sudden jerk, without any warning to plaintiff, while she was standing upon the platform thereof and in the act of depositing her fare in a box provided for that purpose." Unless this court is prepared to hold that the petition is sufficient because the jury would be authorized to find that the mere starting of the car at all at the time and under the circumstances alleged was an act of negligence, acts of negligence in the *manner* of starting it must be alleged. It will be observed that while the petition states that no warning was given of the start, it is not contended that the starting of the car at the time and under the circumstances alleged was unusual or unexpected, or that the jerk attending it was either violent, unusual, or unnecessary. The petition does not undertake to set up any state of facts such as might impose upon the company any special or unusual duty owing to the plaintiff, but on the contrary it specifically shows that she was then and there in all respects " sound, healthy, and vigorous." Thus, so far as the allegations of the petition go, and construing it, as we must, most strongly against the pleader, it can be assumed: (1) that the starting of the car at the *time* and under the *circumstances* alleged was in accordance with the general, proper and customary practice; which the petitioner was therefore bound, without any special warning, to anticipate; (2) that no reason was apparent or in fact existed why the common, general, and usual practice of the company in starting its cars at such a time and under such circumstances should have been departed from; (3) that the jerk given in starting, while sudden, was neither unusual, nor violent, nor unnecessary.

Ought it then to be said that after a street-car passenger, to whom no special or unusual duty was owing, has safely entered

upon a car and is standing upon its platform engaged in paying the fare, the sudden starting of the car at the usual, proper, and customary time, in the usual and customary manner, without any violent, unusual, or unnecessary jolt, would be accounted as actionable negligence? The practical and inevitable effect of ruling that it could be so taken would be to put upon the company the duty of always holding its cars stationary until each and every passenger had not only been permitted to safely enter upon the platform, but had been given time to pay his fare and thereafter to find and reach his seat or place for standing inside the car. This seems in fact to be the clear intimation contained in the majority opinion, and constitutes the real basis of the holding, since the opinion states that the plaintiff was in the " act of getting on the car," was standing on the platform engaged in paying her fare, and " had not reached a place of safety within the car." In other words, it was not what the defendant did, or the manner in which it was done, which constitutes the negligence, but the negligence consists in starting the car at all at the time and under the circumstances alleged. This, I take it, imposes a totally impracticable burden, and, as a matter of general and common knowledge, would have the effect of paralyzing the practical and efficient operation of every street-car. I am not aware of any law of this State or of any decision by either of its appellate courts which can be taken to have imposed such a duty or to have defined such a rule.

In the case of *Ball* v. *Mabry,* 91 *Ga.* 781 (18 S. E. 64), in which the plaintiff claimed to have been injured by a jolt while he was riding as a passenger on a freight-train, the Supreme Court said: "As before remarked, a passenger on a freight-train takes the risk of the usual and ordinary jolts incident to handling and running such trains. If he is injured by reason of such jolts, the nature and degree of the jolt complained of are material. It is material for the plaintiff to show that it is unusual and unnecessary; it is material for the defendant to show that it was a usual and necessary jolt." There would seem to be quite as much justice in applying this reasoning to the operation of street-cars, where, as is well known, from the very necessity of the case, the stops must be both frequent and brief, and where, in order to at all subserve the use intended by the

service, the cars must start promptly at the earliest possible moment comportable with the duty of allowing passengers to reach a place of safety. Just as it is a matter of common knowledge that riding upon a freight-train must necessarily be attended with jolts and jars, so is it a matter of universal knowledge that a passenger entering upon a street-car must anticipate the prompt starting of the car just as soon as he has gained a safe entrance. " We cannot shut our eyes to matters of public notoriety and general cognizance." *Pollak* v. *Niall*, 137 *Ga.* 23, 25 (72 S. E. 415, 416, 35 L. R. A. (N. S.) 13).

Of course, if in starting its car at such time and under such circumstances the company should fail in any special duty it might reasonably owe to a particular passenger, or if the petition could be taken to charge that the starting was attended with an unusual, violent, and unnecessary jolt or jar, the rule would be different. It does not, however, seem permissible to read into the petition any omitted averment to the effect that the alleged sudden jerk with which the car was started was either violent, unusual, or unnecessary. In the absence of any such averment, it does not seem proper merely to infer and to hold, as a matter of law, that the alleged manner of starting must necessarily have been accompanied with any degree of violence; and consequently it can not reasonably be held, as a matter of law, that the jerk, as described and complained of, was either violent, unusual, or unnecessary. In *Augusta Ry. & Elec. Co.* v. *Lyle*, 4 *Ga. App.* 113 (60 S. E. 1075), this court said: " It has been repeatedly held by the Supreme Court that it is not sufficient, as a basis of recovery because of negligence, to show a sudden, violent, and unusual jerk of the car; that the proof should also show that the sudden, violent, and unusual jerk or motion of the car was unnecessary at the particular time and place." See also *Central of Ga. Ry. Co.* v. *Parrish*, 17 *Ga. App.* 689, and cases there cited. In the instant case, not only is there no allegations that the sudden jerk in starting was unnecessary, but there is nothing whatever going to show that it was even violent or unusual. As already stated, it is not the duty of courts to supply any such omissions, but the petition must stand on the allegations actually made, and, under the familiar rule of construction, must be taken most strongly against the pleader. Persons are bound to anticipate those things

which are to be reasonably expected. Thus, when a street-car is started at a time and under circumstances such as are reasonable, usual, and customary, and the jerk attending the starting, so far as the petition shows, amounts to nothing more than is usual and necessary, there is nothing charged by way of negligence which would authorize a recovery.