## 13523.   HOOD *v.* ATLANTIC STEEL COMPANY.

JENKINS, P. J. The petition in effect alleged: that the plaintiff, a millwright, while acting under the direct orders of the master's representative, was engaged with other workmen in replacing and adjusting in a heated furnace of the defendant a cooler, about 10 feet long and 4 feet wide, and about 16 inches deep at the front or outer end, and about 8 inches deep at the back end, with an opening of about 8 inches at the top and the front end for the purpose of receiving cold water; that the defendant and his representative knew or by ordinary care should have known such work to be dangerous for the plaintiff; that, upon noting its apparent danger, the plaintiff advised the representative thereof, but was reassured and told to proceed; that this representative of the defendant had cold water put in the cooler, and thereupon " negligently ordered petitioner to hold a cable around the end of the said cooler or hood for the purpose of raising the outer end from the position it occupied, which forced petitioner to stand before the opening in the hood, and that when the said hood was raised, the cold water was forced to the opposite " empty end of the heated cooler, and, being reduced to steam, came back with a rebound, gushing or shooting the steam and heated water with great force and violence out of the opening and against petitioner, causing permanent injuries described. The petition was dismissed on general demurrer, as failing to show liability by the defendant for the injuries sustained. *Held:*

1. The petition as amended sufficiently charged, as against the general demurrer, that the foreman under whose orders the plaintiff was alleged to have acted was the alter ego, agent, or representative of the company therein, and not a mere fellow-servant of the plaintiff.

2. Under the rule as stated in *Central of Ga. Ry. Co. v. Lindsey,* 28 *Ga. App.* 198 (110 S. E. 636), it was for the jury to say whether the alleged direct and specific command of the master, given with reference to the manner, means, and instrumentality by which the master's work was to be performed, and under his assurance of safety, was, under the circumstances, a negligent order. It cannot, therefore, be held, as a matter of law, that the injuries thus occasioned resulted from an ordinary

risk incident to the employment, such as would entitle the master to rely upon the servant's assumption of risk as a complete defence.

3. As set forth, however, in paragraph 2 of the case above cited, even though it be proven or assumed that the master's command was, under the circumstances, a negligent one,—that is to say, that a compliance therewith involved unusual and unnecessary peril to the servant, and consequently the servant is not to be charged with having assumed the risk involved in his compliance as an ordinary hazard of his employment, still, " if the order was negligent, and the servant knew of the peril of complying with it, or if he had equal means with his master of knowing of the peril, or by the exercise of ordinary care might have known thereof, then he can not recover for an injury received in complying with the order." *Hightower* v. *Southern Ry. Co.*, 146 *Ga.* 279 (2) (91 S. E. 52, L. R. A. 1917 C, 481). In other words, the issuing of such a negligent command, if the giving of the command was in fact negligent, does not relieve or excuse the servant from continuing to exercise ordinary care for his own protection. The question whether, in obeying a negligent command, the servant did or did not exercise ordinary care is a question for the jury, except in plain cases where the danger in complying therewith was obvious or it appears that the servant had actual knowledge of the unusual and unnecessary peril involved. In determining this question the fact that the command was given can be considered as one of the attendant facts and circumstances, since it is not always true that the servant has or is assumed to have equal means with the master of knowing of the peril. *Wrightsville &c. R. Co.* v. *Lattimore*, 118 *Ga.* 581 (4) (45 S. E. 453); *Moore* v. *Dublin Cotton Mills*, 127 *Ga.* 609, 616 (56 S. E. 839, 10 L. R. A. (N. S.) 772); *Fenn* v. *Seaboard Air-Line Ry.*, 120 *Ga.* 664, 665 (2) (48 S. E. 141); *Southern Cotton Oil Co.* v. *Gladman*, 1 *Ga. App.* 259 (58 S. E. 249); *Bush* v. *West Yellow Pine Co.*, 2 *Ga. App.* 295, 300 (58 S. E. 529); *Southern Ry. Co.* v. *Diseker*, 13 *Ga. App.* 799, 817 (81 S. E. 269); *Cherokee Brick Co.* v. *Hampton*, 16 *Ga. App.* 53, 58 (84 S. E. 328).

4. In the instant case as in *Blount Carriage Co.* v. *Ware*, 125 *Ga.* 571, 573 (54 S. E. 637), while " the demurrer speaks the truth when it says that the petition shows the plaintiff had equal means with the defendant of knowing the condition of the machine with which he was working," and while it is true that a servant is presumed to bear in mind the operation of elementary natural laws of universal application, the demurrer is defective in that it cannot properly be held as a matter of law that the conduct of the servant necessarily evinced a lack of ordinary care, by subjecting himself to an obvious risk, in view of the special command and assurance given by the master. Nor can it necessarily be assumed, contrary to the allegations of the petition, that the plaintiff had skill, knowledge, and experience equal to the master, such as would make it incumbent upon him to contemplate the resultant sudden generation and explosive effect of the steam attendant upon a compliance with the alleged specific command of the master, accompanied by an assurance of safety, relative to the manner and plan of executing the work. *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 8, 1923.

Action for damages; from Fulton superior court — Judge Pendleton.　March 24, 1922.

*Hill & Adams,* for plaintiff.

*McDaniel & Black, L. C. & J. L. Hopkins, Rosser, Slaton & Hopkins, Edgar A. Neely,* for defendant.