## 14313. SOUTHERN RAILWAY COMPANY v. WHITEHEAD.

Under the allegations and evidence of 'the plaintiff, it was not necessarily, as a matter of law, negligence for her to be upon the platform of the train or to attempt to alight, when it was moving slowly and just before it stopped. That she acted at the instance of the porter of the car in which she was a passenger was a fact that the jury could consider, in connection with 'the other facts of the case, in determining whether she was negligent, and the degree of negligence.

Under the evidence (construing the plaintiff's own testimony most strongly against her) the jerk of the train, which the petition alleges to have been negligent, was no more than was customary in stopping the train; the remaining charges of negligence were not sustained by any evidence, and the verdict for the plaintiff was therefore unauthorized.

DECIDED DECEMBER 10, 1923.

Action for damages; from city court of Eastman—Judge O. J. Franklin. January 6, 1923.

*W. S. Mann,* for plaintiff in error.

*T. J. Smith Jr., J. H. Milner,* contra.

JENKINS, P. J. 1. "It is not necessarily, as a matter of law, negligence for a passenger to be upon the platform of a moving train," or to attempt to alight therefrom, unless the danger is obviously great. *Augusta So. R. Co.* v. *Snider,* 118 *Ga.* 146 (44 S. E.. 1005) ; *Suber* v. *G., C. & N. Ry. Co.,* 96 *Ga.* 42 (23 S. E. 387) ; *Tallulah Falls R. Co.* v. *Harris,* 129 *Ga.* 305, 306 (58 S. E. 838) ; *Cen. of Ga. Ry. Co.* v. *Forehand,* 128 *Ga.* 547 (1) (58 S. E. 44) ; *Branan* v. *So. Ry. Co.,* 135 *Ga.* 24 (68 S. E. 793) ; *Cotchelt* v. *Savannah Ry. Co.,* 84 *Ga.* 687 (11 S. E. 553) ; *Macon & Western R. Co.* v. *Johnson,* 38 *Ga.* 409, 438; *Cen. of Ga. Ry. Co.* v. *Weathers,* 27 *Ga. App.* 375 (2) (108 S. E. 556) ; *Sherrod* v. *Atlanta, Birmingham &c. Ry. Co.,* 27 *Ga. App.* 510 (2) (108 S. E.

908). Where the danger is not so obvious as the court may thus say should have been avoided, "it is a question for determination by the jury whether, under all the circumstances, an ordinarily prudent person would have done such a thing." *So. Ry. Co.* v. *Clariday,* 124 *Ga.* 958, 960 (53 S. E. 461); *Coursey* v. *So. Ry. Co.,* 113 *Ga.* 297, 299 (38 S. E. 866); *Simmons* v. *Seaboard Air-Line Ry.,* 120 *Ga.* 226 (47 S. E. 570, 1 Ann. Cas. 777). Under the allegations of the petition, and the plaintiff's evidence, the fact that the plaintiff went upon the platform and attempted to alight, upon the express or implied instruction of the porter in charge of the coach, and while the train was slowly in motion and just before it stopped within a few feet, would not as a matter of law show such negligence as must necessarily defeat her recovery. While the instructions of a carrier's employee in the line of his authority and duties will not excuse or justify an act by a passenger which is obviously dangerous (*So. Ry. Co.* v. *Bandy,* 120 *Ga.* 463 (2), 47 S. E. 923, 102 Am. St. Rep. 112), such instructions or invitation, where the act is not obviously dangerous, may be considered by the jury in connection with all the facts and circumstances of the case in determining whether or not the passenger was negligent and the degree of negligence. *Hood* v. *Atlantic Steel Co.,* 29 *Ga. App.* 457 (115 S. E. 917).

2. "It has been repeatedly held by the Supreme Court that it is not sufficient, as a basis of recovery, to show a sudden, violent, and unusual jerk of the car; that the proof should also show that the sudden, violent, and unusual jerk or motion of the car was unnecessary at the particular time and place." *Augusta Ry. Co.* v. *Lyle,* 4 *Ga. App.* 113, 114 (60 S. E. 1075); *Ball* v. *Mabry,* 91 *Ga.* 784 (18 S. E. 64). Under the carrier's evidence, if the plaintiff was injured thereby, the jerk of the car from which she was alighting was neither unnecessary nor unusual, but only that which was customary in the stopping of the train. Upon direct examination, the plaintiff, whose evidence alone was offered to show the unusualness of the jerk, testified, "You know how a train makes that stop and sudden jerk;" and upon cross-examination: "In riding this train I have noticed a motion or rocking of the train coming to a stop, a kind of a jerk when you are getting up out of your seat, before it stops and you are going to the platform; it gives you a right good jerk,—that is in stopping the train,—and

it was that kind of a jerk that threw me off. I suppose that is caused by applying the brakes in stopping the train; that is usual in stopping the train, and that is why I thought they were fixing to come to a stop." While on redirect examination the plaintiff testified, "It seems to me like it was a kind of an unusual jerk that threw me off of the train," she explained and qualified this in the language following: "It seems to me like it was more violent that morning on account of the rush of the porter . . The porter did not run the train or pull the bell-cord." Under the rule that a party's evidence must be taken most strongly against his case where contradictory, the first portion of the plaintiff's evidence clearly showing that the jerk was no more than that customary in stopping the train, the plaintiff by her own evidence absolved the defendant from the charge of negligence; and the verdict for the plaintiff being thus unauthorized by the evidence, the court erred in refusing to grant a new trial upon the general grounds. The remaining charges of negligence were not sustained by any evidence.

3. With reference to the exceptions pendente lite and such of the special grounds of the motion for new trial as are not disposed of in the foregoing rulings, or as are likely to recur in a future trial, such grounds, not being argued or insisted upon in the briefs, will be treated as abandoned. *Harbin* v. *Flannigan, 22 Ga. App.* 30 (95 S. E. 320), and cases cited.

*Judgment reversed. Stephens and Bell, JJ., concur.*