## 25584. GEORGIA POWER COMPANY v. WATTS.

DECIDED JULY 2, 1937. ADHERED TO ON REHEARING, JULY 30, 1937.

*Colquitt, MacDougald, Troutman & Arkwright,* for plaintiff in error.

*G. Seals Aiken, Jo Johnson,* contra.

FELTON, J. 1. In a suit for damages against a street-railway company for injuries alleged to have been caused by the negligent operation of a street-car, where the only evidence offered to prove the negligence of the defendant was that as the plaintiff went to walk up in the door of the car it made a quick jerk and she tried to catch on something and fell, and that the car "just twisted and jerked all at once," it was not sufficient to authorize a verdict against the defendant, especially where the evidence for the defendant showed that there was no unusual or unnecessary jerk. It is incumbent on the plaintiff in such a case to allege and prove not only that there was a sudden, violent, and unusual jerk of the car, but also that such jerk was unnecessary at the particular time and place. *Augusta Railway & Electric Co.* v. *Lyle,* 4 *Ga. App.* 113 (60 S. E. 1075); *Ball* v. *Mabry,* 91 *Ga.* 781 (18 S. E. 64); *Central of Georgia Railway Co.* v. *Parish,* 17 *Ga. App.* 689 (87 S. E. 1095). In their briefs on rehearing, counsel for the defendant in error insist that cases other than those cited above are controlling. We shall separately discuss those mentioned. In *Georgia, Florida & Alabama Railway Co.* v. *Jacobs,* 15 *Ga. App.* 292 (82 S. E. 934), the petition alleged that the jerk was sudden, violent, unusual, and unnecessary. In passing on the sufficiency

of the evidence the court said that there were facts from which the jury could infer that the jerk was sudden, violent, unusual, and unnecessary. The evidence is not set out in that opinion. There are no facts in the instant case from which it can legitimately be inferred that the jerk was violent, unusual, or unnecessary. In *Gainesville Midland Railway* v. *Jackson*, 1 *Ga. App.* 632 (57 S. E. 1007), the train was started before the passenger reached her seat. It was held that the railroad was bound not to start the train until the plaintiff had had a reasonable time in which to get to her seat. Such is not the law with reference to street-cars. The court in that case stated that the evidence showed that the jerk was very violent. The case of *Chattanooga Railroad Co.* v. *Huggins,* 89 *Ga.* 494 (15 S. E. 848), was not a "jerk" case, but was one based on negligence of the railroad in running a car into the one on which the plaintiff was situated "at very great and negligent speed." In *Crine* v. *East Tennessee, Virginia & Georgia Railway Co.*, 84 *Ga.* 651 (11 S. E. 555), the court charged the jury that the burden was on the railroad to prove that the jolt or jar was usual and necessary. Such ruling was obiter, as the railroad won the case. The charge in that case might be authorized from an allegation of negligence in the petition and proof of injury in the operation of cars by the plaintiff. In *Holleman* v. *Georgia Southern & Florida Railway Co.*, 12 *Ga. App.* 755 (78 S. E. 428), the evidence showed that the car gave a sudden jerk, harder and more severe than the ordinary jerk. That case is not in point for the additional reason that the proof of injury by the operation of the train raised a presumption of negligence against the defendant, which, in the absence of rebutting evidence, would have prevented a nonsuit. The presumption statute of 1929 simply prima facie takes the place of proof of the negligence alleged in the petition. There is no evidence in this case that the defendant was negligent in jerking the car suddenly, unusually, and unnecessarily, and the plaintiff's prima facie case rested on the presumption afforded by law. The defendant introduced evidence, which was uncontradicted, to the effect that there was no sudden, unusual, or unnecessary jerk. In these circumstances the presumption vanished, and it was then incumbent on the plaintiff to introduce other evidence of negligence.

Our views coincide with those expressed in the cases cited in

the first paragraph of the opinion and those of Judge Jenkins in his dissenting opinion in *Columbus Railroad Co.* v. *Joyce,* 25 *Ga. App.* 652 (104 S. E. 21), which we think follow the Supreme Court and express the true rule. We are of the opinion that the facts mentioned in the dissenting opinion in this case are wholly without probative value on the question whether the jerk was unusual and unnecessary. The most that can be said of them is that they might be corroborative of other evidence of negligent acts. The plaintiff testified on cross-examination that at the time of her injury the street-car motorman was "looking out of the window, I don't know where."

2. The admission in evidence, over timely objection, of the testimony of the plaintiff's doctor, that she "has a grievance against the power company, and always will have; and in cases like this, if there should be some kind of settlement, she might improve," was error, the same being irrelevant and highly prejudicial in its nature. It was also error for the court to decline to declare a mistrial, on timely and proper motion, because of that testimony.

3. The assignment of error on the judge's refusal to declare a mistrial because the plaintiff testified that her attorneys told her the power company had offered $100 in settlement of the case will not be passed on, as this question will not likely arise on another trial of the case.

4. It was error for the court to submit to the jury the questions of expenses for future doctor's bills and future medical expenses. The uncontradicted positive evidence was to the effect that neither doctors nor medicine would or could benefit the defendant in error, and there was no evidence to guide the jury in arriving at a reasonable value for such expenses. It was not error to submit the questions as to medicinal bills and doctor's bills already incurred, and necessary future nursing expenses, for the reason that there was evidence from which the jury would have been authorized to make a finding with reference to the necessity and amount of each.

5. While the charge to the jury was somewhat contradictory and confusing, as the error assigned will not likely occur on another trial, no ruling will be made on that assignment of error.

6. On a motion to disqualify a judge of this court on the ground that he is related within the prohibited degree by con-

sanguinity to a person who is an attorney for the corporate party to the case (but not an attorney in the case at bar), and is interested in that corporation, where the only positive evidence on the question is an affidavit from such attorney to the effect that he has no pecuniary interest in the case at bar and does not own any stock in the corporation, *held,* that the judge is not disqualified to act in the case.

7. Counsel for the defendant in error contend that the judgment in this case has been affirmed by operation of law, because it was not decided during the January term, 1937, of this court. We are unable to agree to this contention. The record shows that the question in the case which was certified by this court to the Supreme Court was answered on March 13, 1937. Under the rules of the Supreme Court, it is required to retain the record in the case for ten days after its answer to the question, to allow time for a motion for rehearing, and the earliest date the case could have reached this court was March 23. Under the law no decisions can be rendered during the last fifteen days of a term, except on motion for rehearing. If the case had been transmitted to this court immediately on the expiration of the ten days from the date of the answer to the certified question, this court would have had no authority to pass on it before the April term. The record having been received by the clerk of this court on April 5, 1937, this court obtained no jurisdiction until that date, and the case is properly decided at the April term of this court.

It was error to overrule the motion for new trial. As the judgment of reversal is adhered to on rehearing, the foregoing opinion is substituted for the original opinion which is withdrawn.

*Judgment reversed. Sutton, J., concurs. MacIntyre, J. (designated to preside in the place of Stephens, P. J., disqualified), concurs in the rulings stated in paragraphs numbered 6 and 7, and dissents from the other rulings.*

MacIntyre, J., dissenting. The character of the jerk of the street-car (as well as any other fact) need not be necessarily established by positive and direct testimony, but may be established by circumstantial evidence, although no witness positively so characterizes it. Under the rule that when the trial judge has exercised his discretion and the motion for a new trial has been overruled, this court will not interfere where there is any evidence

326

which would justify the jury in reaching the conclusion which is set forth in the verdict, I do not think we should set the verdict aside, even though it might "be described as weak, unsatisfactory, and doubtful." *Rogers* v. *State,* 101 *Ga.* 561, 563 (28 S. E. 978). It appears from the plaintiff's testimony that she had been on a street-car when it would make a curve, but that she had never been on one before which threw her down; that she had never been on a street-car before where a motorman started before he gave her her change; that this was the first time a street-car had ever started like that while she was standing up; that the operator of the street-car did not allow her to get to a seat, but made her stand aside without giving her her change and without notifying her or warning her he intended to jerk and twist the street-car and throw her down while she was trying to stand aside like he told her to do, waiting for her change out of the dollar bill she gave him; . . that there were some people out in the street, cutting and fighting each other and running up and down the street; and that the operator of the street-car asked the people who went in front of her in the street-car what was happening out there. The evidence also showed that the street-car was being operated by only one person; that it was a long, large, and heavy car; that the operator was trying all at once to wait on others, collect fares, make change, ask and answer questions, give transfers, start the car, run the car, . . and to care for the passengers in an extraordinary manner as required by law. There was further testimony that the plaintiff received very serious and permanent injuries. When all the evidence in this case is considered, I think the evidence authorized the verdict. See, in connection with the above announced principle, *G., F. & A. Railroad Co.* v. *Jacobs,* 15 *Ga. App.* 292 (supra); *Gainesville Ry. Co.* v. *Jackson,* 1 *Ga. App.* 632 (supra); *Columbus R. Co.* v. *Joyce,* 25 *Ga. App.* 652 (supra); *Holleman* v. *G. S. & F. Ry. Co.,* 12 *Ga. App.* 755, 79 S. E. 428 (supra); *Georgia Power Co.* v. *Braswell,* 48 *Ga. App.* 654 (173 S. E. 763); *Georgia Power Co.* v. *Gillespie,* 48 *Ga. App.* 188 (173 S. E. 755).

The other exceptions in the motion for a new trial do not show harmful error. I concur in the rulings stated in divisions 6 and 7 of the opinion.