DECIDED NOVEMBER 4, 1942. REHEARING DENIED NOVEMBER 25, 1942.

*William A. Thomas,* for plaintiff.
*MacDougald, Troutman & Arkwright, Dudley Cook,* for defendant.

FELTON, J.  Mattie Tomlin sued the Georgia Power Company for damages resulting from injuries alleged to have been caused by the sudden, unusual, and unnecessary jerk of a street-car on which the plaintiff was riding.  The jury found for the plaintiff and the court granted a new trial on the defendant's motion.  In granting the new trial the trial judge entered the following order: "The motion for new trial in this case was based solely upon the ground that there is no evidence to support the verdict.  The plaintiff testified that the street-car gave a sudden jerk, causing injury to her, and that, while she has often ridden the street-cars, she had not had that experience before.  The movant relies upon the decision in the case of *Georgia Power Co.* v. *Watts,* 56 *Ga. App.* 322 [192 S. E. 493].  I have carefully examined the brief of evidence in the *Watts* case, on file in this court, comparing it with the evidence in this case, and find that the evidence with reference to a sudden jerk is substantially the same.  While it is true that the *Watts* decision was by a divided court, I feel that I should follow the ruling made by the majority.  It follows that the motion for new trial must be, and the same is, sustained and a new trial granted."  The plaintiff excepted.

"The first grant of a new trial shall not be disturbed by the appellate court, unless the plaintiff in error shall show that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge."  Code § 6-1608.  The, above principle was first codified in the Code of 1895, and while the interpretation of the same language before the codification was different from the interpretation of the language as codified, the interpretations of the language by decisions since the adoption of the Code of 1895 have been consistent, and have been stated in so many cases that it

would be quite an undertaking to cite them all. The rule now is that the first grant of a new trial will not be disturbed unless the law and the evidence demanded the verdict rendered, and where the grant of the new trial is on a special ground, or on a question of law equivalent thereto, whether the trial judge erred in granting the new trial on the special ground or its equivalent will not be inquired into. *Cox* v. *Grady,* 132 *Ga.* 368 (64 S. E. 262). That decision discusses at length the law on the subject before and after the adoption of the Code of 1895. For other decisions in accord therewith see Code Ann. § 6-1608, catchwords "Law," "Single ground," "Special grounds," and "Verdict."

The evidence did not demand a verdict for the plaintiff, and it was not error to grant a new trial.

*Judgment affirmed. Sutton and Gardner, JJ., concur. Stephens, P. J., disqualified.*