## 62354. GILLEM v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.

SOGNIER, Judge.

Dorothy Gillem was injured when a MARTA bus in which she was riding came to a sudden stop, causing her to fall. She sued MARTA, claiming that the bus driver was negligent in operating the vehicle. Appellant amended her complaint to include a claim for a penalty against MARTA for bad faith in its failure to pay personal injury protection benefits according to the Georgia Motor Vehicle Accident Reparations Act.

In a bifurcated trial, the jury returned verdicts in favor of MARTA on both counts and Gillem appeals.

1. Appellant contends that the trial court erred in failing to permit evidence regarding MARTA's alleged negligent entrustment of its bus to the driver operating the bus at the time appellant was injured. Appellant sought to introduce evidence that the bus driver had been involved in two prior incidents while driving a MARTA bus. " ' "In an action arising out of an automobile collision, the issue is the negligence or nonnegligence of the operator at the time and place of the event, and each such transaction is to be ascertained by its own circumstances and not by the reputation or character of the parties." ' [Cits.] 'To allow the prior driving record in evidence would create a danger that the jury might draw the inference long forbidden in our law — that because the employee had been negligent on other occasions he was negligent on the occasion in question. Admission of evidence which is both irrelevant and prejudicial is harmful error. [Cit.]' " *Ga. Power Co. v. Hubbard,* 142 Ga. App. 531, 533 (236 SE2d 515) (1977). The jury here returned a verdict in favor of defendant MARTA finding no negligence. We find no error in the trial court's exclusion of evidence on negligent entrustment.

2. Appellant next contends that the trial court impermissibly shifted the burden of proof in its charge to the jury. The allegedly erroneous charge is as follows: "I charge you that the plaintiff must not only prove by a preponderance of the evidence that there was a sudden, violent, and unusual jolt or stop of the bus, but the plaintiff must also prove by a preponderance of the evidence that it was unnecessary at the particular time and place."

Code Ann. § 68-710 provides that: "In all actions against persons, firms or corporations operating buses for hire, for damages done to persons or property, proof of such injury inflicted by the running of buses of such person, firm or corporation shall be prima facie evidence of want of reasonable skill and care on the part of servants of the said person, firm or corporation in reference to such injury." This code section raises a presumption of negligence on the part of MARTA which can be rebutted by proof that there was no negligence. Once the negligence is disproved, the presumption vanishes and the burden shifts to the injured party to introduce other evidence of negligence. *McVeigh v. Harrison,* 68 Ga. App. 316, 317 (22 SE2d 752) (1942).

In the instant case appellant had the benefit of the presumption of appellee's negligence in bringing the bus to a sudden halt. Appellee presented undisputed evidence that the sudden stop was caused by a pedestrian darting out in front of the bus. It was then incumbent on appellant to introduce *other* evidence of negligence, for example, that the sudden stop was unnecessary. See *Southern R. Co. v. Whitehead,* 31 Ga. App. 398 (120 SE 700) (1923). We find the charge adjusted to

the evidence and a correct statement of law.

3. Appellant also contends that the trial court erred in failing to charge the jury that the bus driver had a duty to allow appellant a reasonable length of time to take a seat on the bus. The trial judge charged the jury extensively on the degree of care owed by MARTA's bus driver to passengers on a MARTA bus, i.e., that MARTA's driver was required to exercise extraordinary care for the safety of bus passengers and that the jury "must consider his act in the light of all circumstances surrounding the case." Viewing the charge as a whole, we find no error in the trial court's refusal to give appellant's requested charge.

4. Finally, appellant contends that the trial court erred in denying her motion for directed verdict on the issue of MARTA's bad faith in failing to pay appellant's personal injury protection benefits.

The accident occurred on April 19, 1979, but appellant's injuries were not diagnosed or related back to her fall on the appellee's bus until August 16, 1979. On December 21, 1979, appellant filed her claim with MARTA, a self-insurer, for benefits under the Georgia Motor Vehicle Accident Reparations Act, Code Ann. Chapter 56-34B. MARTA's claims adjuster questioned the validity of appellant's claim and denied it on January 2, 1980. Appellant's complaint, filed January 22, 1980 was amended to include her claim for a penalty, punitive damages, and attorney fees under Code Ann. § 56-3406b. On October 7, 1980, MARTA paid appellant's PIP benefits. The issue of bad faith was submitted to the jury and a verdict was returned in favor of MARTA.

The record discloses that appellant's claim for benefits was refused "due to the time lapse of the incident and treatment. Also, apparently the lady went to Grady for emergency treatment and nothing else until four (4) months later." MARTA's representative testified that he had "reservations as to the validity of the claim"; that it was paid only after appellant was deposed; and that there was some question in the Grady Hospital records of prior injuries.

Code Ann. § 56-3406b (c) authorizes the award of punitive damages and attorney fees where the insurer fails to establish a "good faith" denial of benefits upon submission of "proper proofs of loss." The insurer must carry the burden of establishing "good faith" which has been defined as "any reasonable ground for contesting the claim of (the plaintiff)." *Bituminous Cas. Corp. v. Mowery,* 145 Ga. App. 45, 54 (244 SE2d 573) (1978). Ordinarily, the question of the good faith or bad faith of the insurer is one for the jury, and the jury's determination, absent legal error, will be upheld if there is any evidence to support it. *Miller v. Spicer,* 147 Ga. App. 759, 760 (250 SE2d 492) (1978); *Ga. Farm &c. Ins. Co. v. Pendley,* 155 Ga. App. 674,

677 (272 SE2d 540) (1980). As there was evidence to support appellee's good faith, we find no error in the trial court's denial of appellant's motion for a directed verdict.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 28, 1981 —
REHEARING DENIED NOVEMBER 17, 1981 —

*Robert S. Windholz,* for appellant.
*Thomas G. Sampson, Charles R. Coleman,* for appellee.