### 27682. HARRISON v. McVEIGH.

DECIDED OCTOBER 11, 1939.

*J. T. Powell, W. C. Little,* for plaintiff in error.
*Hubert F. Rawls, W. E. Wood,* contra.

FELTON, J. Mrs. A. C. Harrison sued Norman S. McVeigh for damages arising out of the death of her minor son, alleged to have been caused by the negligence of the defendant. The suit was also to set aside alleged fraudulent conveyances, but by agreement the issue on this question was eliminated from the case. The jury found for the defendant, and the plaintiff excepted to the overruling of her motion for new trial.

1. Several acts of negligence were alleged in the petition, but it is necessary to state only those which were supported by evi-

dence. The petition alleged that Norman S. McVeigh was employed by the Trustees of the Waynesville Consolidated Schools, to operate a bus for the transportation of children attending that school; that on March 23, 1935, petitioner's son was a passenger on defendant's bus, and was being transported from his home to the school by the defendant, when he either fell or was thrown from the bus and received injuries from which he died; that the defendant was negligent in failing to furnish a bus reasonably suited for such purpose, and in failing to furnish a bus which was safe for the transportation of children, in that it was equipped with a door on the left side, the latches and locks of which were so imperfect and unsuited to the purposes for which they were intended that the door would not remain closed when the bus was in motion, but would fly open, subjecting the plaintiff's son to unreasonable and unnecessary perils; that her son, nine years old, was permitted to sit on a small box immediately adjacent to this door, and that the door flew open while the bus was in motion, causing him to fall or be thrown through the open door into the pathway of the rear wheel of the bus, receiving injuries from which he died, etc. The defendant pleaded that he was not negligent as alleged.

In the motion for new trial the plaintiff excepted to the court's failure to charge the jury that it was the duty of the defendant, in undertaking to transport the child, to provide and maintain for such purpose a reasonably safe and suitable bus, and to use ordinary care and diligence in inspecting it and keeping it in good repair, condition, and order on the ground that the charge given gave the jury no standard or rule by which to determine the question of the defendant's negligence. In view of the charge as given by the court, we do not think that the failure to give additional instructions, without request, was error. The court charged as follows:

"Gentlemen of the jury, Mrs. A. C. Harrison as plaintiff has brought this suit against Norman S. McVeigh and J. H. McVeigh as defendants. She contends that the defendants are indebted to her in the sum of $25,000, by reason of the facts set forth in the plaintiff's petition. She contends that the said Norman S. McVeigh, the defendant, was engaged in operating a school bus and transporting school children from their homes to the school at Waynesville, Georgia. She contends that the defendant in driving

and operating said bus negligently killed, or was responsible negligently for the killing, of her son named in this petition, her son being approximately nine years of age. She contends that the negligence of the defendant, Norman S. McVeigh, the driver of the school bus, and the negligence as set forth and alleged in the plaintiff's petition, caused the death of her son, and that on account of the negligence of the defendant, Norman S. McVeigh, in the operation of his bus and not keeping his bus in a safe condition and the doors of the bus in a safe condition, is what caused the death of her said son. She contends further that she is entitled to recover damages on account of the alleged negligence of the defendant, Norman S. McVeigh, in the operation of said bus and not keeping said bus in proper condition. She contends that she is entitled to recover the full value of the life of her son, Joseph Nelson Harrison. These are substantially the contentions of the plaintiff in the case. For any other contentions that the plaintiff may have made in this case you will look to the plaintiff's petition, which you will have out with you and which perhaps states the contentions of the plaintiff more in detail than the court has undertaken to state them to you. The defendant comes into court and admits and denies various paragraphs of the petition, and contends that he is not responsible in damages in any amount for the death of the plaintiff's son. He contends that he was not negligent. He contends that he exercised ordinary care and diligence in the operation and caring for the said bus. He contends that he kept the bus in good condition, and that there was no negligence upon his part which caused the death of the plaintiff's son. He contends further that at the time of the alleged accident he was driving the bus at a very low rate of speed, not exceeding eight miles per hour, the road being covered partially with water. He contends that he was looking straight ahead and keeping a sharp lookout on the road. He contends further that the left door of the bus was firmly latched by a sliding latch which firmly wedged into a prepared hole in the body of the bus. He contends that neither the jostling, shaking, nor moving of the bus would cause the door to be hurled open or become unfastened. He contends that during all the time said bus was used by him, the defendant, that the said door was never jostled open nor shaken open. He contends that he exercised ordinary care and diligence, and that

therefore that he was not negligent, and that he is not indebted to the plaintiff in any amount whatever for damages caused by the alleged accident. These are substantially the contentions of the defendant in the case. For any other contentions that the defendant, Norman S. McVeigh, may have made in the trial of the case you will look to the defendant's answer, which you will have out with you and which perhaps states the contentions of the defendant more in detail than the court has undertaken to state them to you.

"The court charges you that negligence is the omission of diligence in the active conduct of men in the management of their affairs. Actionable negligence arises essentially from a legal duty, a breach of duty by failure to observe due care and caution, and such breach proximately causes the injury. Proximate cause is that which by the natural and continuous sequence, unbroken by any new cause, produces an event, and without which the event would not have occurred. Negligence, to be the proximate cause of the injury, must be such that a person of ordinary caution or prudence would have foreseen that some injury would likely occur therefrom—not that the specific injury would result. The standard of ordinary diligence is variable. What would amount to ordinary care and diligence in each particular case under all the circumstances is a question for the jury. The care of a prudent man may vary according to the circumstances, dependent upon the degree of danger. What is the precise legal intent of the term 'ordinary diligence' must depend on the circumstances of each individual case. It is a relative, and not an absolute term. Every person driving upon the highways any class of vehicle, whether automobile or animal, is bound to exercise ordinary and reasonable care for the protection of himself and for preventing injury to the person that might be approaching or to the person that might be a passenger upon his vehicle. The plaintiff must recover, if she recovers at all, upon one or more of the grounds of negligence which she sets forth in her petition. Therefore, if you reach the conclusion that the defendant was negligent and the plaintiff is entitled to recover under the rules which I have given you and which I shall further give you, you determine whether the negligence which you find is an act of negligence is one which is set forth in the petition. If you believe that the defendant was negligent, but

you do not find the acts which you deem to be negligence to be one of the grounds of negligence claimed, then you can not find for the plaintiff. The plaintiff must recover upon the negligence which she claims in her petition, either on one or more grounds of negligence alleged in her petition. She is entitled to recover if, she proves any one or more of the grounds to your satisfaction by a preponderance of the evidence.

"The defendant, upon the other hand, contends in this case that this was an unavoidable accident. He contends that the bus was in good condition. He contends that he was not running at a fast rate of speed at the time the accident happened. He contends that the boy fell against the door in some way, and the door was un-latched by the falling against the door, and that the door came open and the boy fell out, from which he received an injury and finally died. These are substantially the contentions of the de-fendant in the case. If you should find that the contentions of the defendant are true, then, gentlemen of the jury, you should find a verdict in favor of the defendant. If you find that he exercised due care and caution, that is reasonable care, that is the caution and care than any reasonable man would exercise under similar cir-cumstances, and that he was not guilty of negligence as alleged, or any negligence as alleged, then, gentlemen of the jury, you should find in favor of the defendant in the case."

It will be observed that the court charged that the defendant was bound to use ordinary care for the protection of his passengers. This necessarily comprehended the duty to provide a safe bus and to inspect and keep it in repair.

Two grounds of the motion for new trial complain of the court's failure to give in charge the definition of ordinary care as applied to a child of tender years, to wit, that ordinary care in a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances under investigation. These assignments are without merit, because, despite the fact that the plaintiff alleged that the deceased child was without fault and that he could not have avoided the defendant's negligence by the exercise of ordinary care, there was no evidence making an issue on these questions. The evidence for the plaintiff tended to show that the defendant was negligent in that the door to the bus came open when the bus was jarred by bumps in the road, and that the

boy fell out when the door came open. The evidence for the defendant was that he was not negligent, that the doors would not come open when jarred, and that the boy either fell against the door or pushed the handle down and caused it to open. The only question in the case was whether the defendant was negligent. Whether what the child did was negligence or not would make no difference. Unless the proof showed that the defendant was negligent as alleged, there could be no recovery. The evidence amply authorized the jury to find that the defendant was not negligent as alleged, and that the child's acts were the sole proximate cause of his death. No issue was made by the evidence on the question whether the defendant was negligent in not preventing the child from opening the door or falling against it.

The verdict was supported by the evidence. There was no error in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*