## 29654. McVEIGH v. HARRISON.

Decided November 14, 1942.

*Hubert F. Rawls,* for plaintiff in error.

*W. C. Parker, J. T. Powell, W. C. Little,* contra.

Stephens, P. J.   A. C. Harrison instituted suit against Norman S. McVeigh and J. H. McVeigh for damages consisting in loss of services performed by a child for the father, and medical and funeral expenses, arising out of the death of his minor son, alleged to have been caused by the failure of Norman S. McVeigh to exercise the degree of care required by law towards the plaintiff's son, and for the purpose of setting aside certain alleged fraudulent conveyances from Norman S. McVeigh to J. H. McVeigh. No question is involved relatively to such alleged fraudulent conveyances, for the reason that counsel for the parties stipulated that the property of Norman S. McVeigh would be bound by any judgment or verdict rendered by reason of the decision in *McVeigh* v. *Harrison,* 185 *Ga.* 121 (194 S. E. 208). The jury found in favor of the plaintiff for $700. The defendant moved for a new trial which was overruled and he excepted.

1. In the first special ground the defendant contends that the court erred in charging the jury as follows: "In all actions against persons, firms or corporations operating buses for hire for damage to person or property, proof of such injury inflicted by the running of the buses of such person, firm or corporation shall be prima facie evidence of want of reasonable skill and care on the part of the servants of said person, firm or corporation in reference to said injury." The defendant contends that this charge was error because it was not supported by the pleadings, the evidence, or the law. The court was instructing the jury the substance of Code § 68-710, which was codified from the act of August 24, 1929. Ga. L. 1929 pp. 315, 316. This section is identical with Code §§

18-607 and 94-1108 relative to actions against railroad companies as the result of injuries inflicted by the running of locomotives or cars. The latter sections have been held to be constitutional. *Seaboard Air-Line Railway Co.* v. *Fountain,* 173 *Ga.* 593, 601 (160 S. E. 789). It has been held to be error to charge the above rule of law in a case where it appears that the common carrier has introduced evidence in rebuttal of the plaintiff's allegations of negligence. *Central of Georgia Ry.* v. *Cooper,* 45 *Ga. App.* 806 (165 S. E. 858). It has been held relative to this statute as applied to railroad companies as follows: "The provision of this statute which makes proof of injury inflicted by the running of locomotives or cars of a railway company prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury casts upon the railway company the burden of the duty of producing some evidence to the contrary; and when that is done the inference is at an end, and the question of negligence is one for the jury from all the evidence. When all the facts touching the injury inflicted are in evidence, both from the testimony of the plaintiff and of the defendant, the court should not give this statute in charge to the jury." *Seaboard Air-Line Railway Co.* v. *Fountain,* supra. This section simply prima facie takes the place of the proof of the negligence alleged, and where the defendant introduces evidence disproving the negligence alleged the presumption vanishes, and it then becomes incumbent on the plaintiff to introduce other evidence of negligence. *Georgia Ry. & Power Co.* v. *Shaw,* 40 *Ga. App.* 341 (149 S. E. 657); *Georgia Power Co.* v. *Watts,* 56 *Ga. App.* 322 (192 S. E. 493). The foregoing section has served its purpose when it compels the railroad company to explain how the injury occurred, and the question of negligence is then to be decided by the facts of the case. *Parrish* v. *Southwestern R. Co.,* 57 *Ga. App.* 847 (197 S. E. 66). In *Collier* v. *Pollard,* 60 *Ga. App.* 105, 108 (2 S. E. 2d, 821), this court held as follows: "Where damages are proved to have resulted by the operation of the cars of a railroad company, a presumption of negligence arises against the railroad company as to each of the negligent acts charged in the petition, and the plaintiff is entitled to recover the damages proved on such a prima facie case, unless the defendant shall carry the burden of showing that the damage was done by the consent of the injured person, or was

caused by his negligence, or that the defendant was not actually guilty of the negligence charged, or, if so, the injured person could have avoided its consequence by the exercise of ordinary care after it had or should have become apparent."

It appears that the plaintiff's son was a passenger in a school bus operated by the defendant, and that while the bus was moving the child, a lad about nine years of age, fell from the bus and was killed. It appears that the defendant conveyed the school children, including the plaintiff's son, in this bus for a monetary consideration. He was, as to school children, a public carrier. The defendant testified that he did not know how the plaintiff's child fell from the bus. The plaintiff charged that the defendant was negligent in the operation of the bus, and that he was negligent and failed to exercise extraordinary diligence for the safety of his son as a passenger in permitting the child to fall from the bus. The defendant testified that the child "got up to move right at the roughest part [of the road], and out he went. . . I know he went out, but I don't know how come;" and that "when he [the child] got up to move off the box, the bus hit a bump and he went out the door; it did not leave the ruts though, hit a bad place in the road, we will say, and he went out of the door." The defendant further testified: "No, I did not see how it happened; he could have unlatched the door and it throwed him out. I don't know. I don't know whether he grabbed the latch and opened the door and fell out."

The plaintiff contended that while his son was being transported to school by the defendant in the bus he either fell or was thrown from the bus, receiving injuries which caused his death; that the defendant was negligent in failing to furnish a bus reasonably suited for the purpose of transporting school children, and in failing to furnish a bus which was safe for the transportation of such children, in that the bus was equipped with a door on the left side, the latches and locks of which were so imperfect and unsuited to the purposes for which they were intended that the door would not remain closed when the bus was in motion but would fly open, subjecting the children, including the plaintiff's son, to unreasonable and unnecessary danger; that the plaintiff's son was permitted to sit on a small box immediately adjacent to this door, and that the door flew open while the bus was in motion, causing the child to

fall or be thrown through the open door into the pathway of the rear wheel of the bus and to be run over. The plaintiff also contended that in assuming to transport the plaintiff's child for a monetary consideration it became and was the duty of the defendant to use extraordinary care and diligence, to provide and maintain for the purpose of such transportation a safe and secure bus equipped with doors which, when closed, would latch securely enough to prevent them from suddenly opening as the result of the vibration or sudden lurching or jarring of the bus while it was running, and that it was the defendant's further duty to use extraordinary care and diligence in inspecting and keeping the bus in good order and repair. The plaintiff further contended that it was the defendant's duty to exercise extraordinary care and diligence in the operation of the bus, so as not to subject the plaintiff's child to any unnecessary dangers or imperil his life.

The defendant introduced evidence tending to show that he operated a safe bus; that on the occasion when the plaintiff's son was killed he was operating the bus in a proper manner; that the latch on the door of the bus was not defective; and that he did not know how the door of the bus became opened and how the plaintiff's son was caused to fall through it. He testified that as the bus gave a sudden lurch or jerk in going over a bump in the road, which was an unpaved country road, the plaintiff's son in some manner was thrown or fell from the bus; that he kept his eye on the road and that when he ran over the bump the wheels of the bus did not leave the ruts. The purpose of the statute was to create an inference and cast upon the defendant carrier the duty of producing some evidence to the contrary, and as we have seen when that is done the inference is at an end and the question of negligence becomes one for the jury upon all the evidence.

It is our opinion that under the evidence the question of the defendant's negligence was for the jury, and that the inference created by Code § 68-710 was terminated. Consequently, the giving of such section in charge to the jury was harmful and prejudicial to the defendant and tended to confuse the jury. The plaintiff would have been entitled to recover if the jury found from the evidence that the defendant had failed to exercise the degree of care required by law towards his son relatively to furnishing safe transportation and the exercise of the proper degree of care in operating

320

the bus at the time the plaintiff's son was killed, and the jury were not authorized to find for the plaintiff merely because the death of the plaintiff's son resulted from the operation of the bus. The court therefore erred in charging the jury the provisions of such Code section.

2. The court did not err in charging the jury that the defendant was a common carrier of passengers in so far as the transportation of the school children was concerned, and that he owed to them the duty of exercising extraordinary care and diligence for their protection during the time he was so transporting them for a monetary consideration. See *Sheffield* v. *Lovering,* 51 *Ga. App.* 353 (180 S. E. 523) ; *Roberts* v. *Baker,* 57 *Ga. App.* 733 (196 S. E. 104).

3. The court having erred in charging the jury it becomes unnecessary to pass upon the sufficiency of the evidence to authorize the verdict.

4. The court did not err in overruling the defendant's plea that the suit brought by Mrs. A. C. Harrison, the mother of the deceased child against the defendant, which suit had resulted in a verdict for the defendant, and which verdict this court had approved in affirming the judgment overruling the motion for new trial, was an adjudication that there was no liability on the part of the defendant to the plaintiff for the death of his minor son. *Harrison* v. *McVeigh,* 60 *Ga. App.* 737 (5 S. E. 2d, 76). The plaintiff was not a party to that suit, and no judgment therein could be an adjudication against him.

Because of the error in charging the jury as set out in division 1 of this opinion, the judge erred in overruling the motion for new trial. *Judgment reversed. Sutton and Felton, JJ., concur.*